357 So.2d 401 (1978)
Pearl BAULD, Appellant,
v.
J.A. JONES CONSTRUCTION COMPANY et al., Appellees.
No. 51476.
Supreme Court of Florida.
March 9, 1978.
Rehearing Denied May 5, 1978.
Edward A. Perse of Horton, Perse & Ginsberg, Miami, and Lloyd & Henninger, St. Petersburg, for appellant.
Claude H. Tison, Jr. of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
BOYD, Justice.
In this personal injury action by Pearl Bauld against J.A. Jones Construction Company and numerous other defendants, brought in the Circuit Court for Pinellas County, recovery was sought on the grounds of negligence, breach of warranty, and strict liability. The defendant construction company moved for a summary judgment on the ground that the applicable statute of limitations barred the action. The court granted the motion, entering a final summary judgment of nonliability in defendant's favor. The plaintiff challenged the limitations statute on constitutional grounds, and the trial court held against her. We have jurisdiction of her appeal pursuant to Article V, Section 3(b)(1), Florida Constitution.
Between 1956 and 1961 appellee, a general contractor, performed construction and improvement work at Bayfront Medical Center in St. Petersburg. Part of the work consisted of installation and modification of a pneumatic message conveyor system. Appellee did its last work on the hospital on August 16, 1961. On July 8, 1972, the appellant, then an employee of the hospital, was struck in the face by a pneumatic capsule and injured. At the time of the incident there was in effect a four-year statute of limitations for negligence/products liability *402 actions. Section 95.11(4), Florida Statutes (1971).
In 1974 there was a substantial revision of Chapter 95, Florida Statutes. Chapter 74-382, Laws of Florida. The changes became effective January 1, 1975. As revised, the pertinent provisions are as follows. Section 95.11(3)(a), Florida Statutes (1975), provides that the limitations period for negligence actions is four years. Section 95.031 deals with the computation of time. It states that "[e]xcept as provided ... in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Subsection (1) of Section 95.031 provides, in pertinent part, that "[a] cause of action accrues when the last element constituting the cause of action occurs." Subsection (2) provides that in actions for products liability, the period runs "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence," but that in any event the action must be begun "within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product was or should have been discovered."
Section 95.11(3)(c) provides that an action founded on the design, planning, or construction of an improvement to real property must be brought within four years of "the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer." Provided, however, that if the action involves a latent defect, the time runs from the date the defect is discovered or should have been discovered. But in any event the action must be begun within twelve years from the date of possession by the owner or the termination or completion of the contract.
Section 95.022 provides that the revisions became effective January 1, 1975, but that any action that would be barred under the new act that would not have been barred under prior law may be brought before January 1, 1976, and if not brought by then, is barred.
Appellant calls our attention to the two interrelated twelve-year provisos contained in the revised statute, and characterizes them as being statutes of repose rather than statutes of limitation. We recognize the fundamental difference in character of these provisions from the traditional concept of a statute of limitations. Rather than establishing a time limit within which action must be brought, measured from the time of accrual of the cause of action, these provisions cut off the right of action after a specified time measured from the delivery of a product or the completion of work. They do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right. But appellant presents us with no authority or argument to support her assertion that it is not within the power of the Legislature to enact such a statute. She cites Kluger v. White, 281 So.2d 1 (Fla. 1973), for our holding there, under Article I, Section 21, Florida Constitution, that:
... where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
But the revisions in question did not abolish any right of access to the courts; they merely laid down conditions upon the exercise of such a right.
Appellant also calls our attention to the effect of the operation of the statute on her *403 case. At the time her injury occurred, the statute of limitations in force provided that she would have four years in which to bring her action. Thus she could sue any time up to July 8, 1976. The intervening revision would cut off her right of action against appellee twelve years after its last work on the hospital, or on August 16, 1973. But taking into consideration the savings clause in Section 95.022, she had until January 1, 1976 to bring the action, still about seven months earlier than when she would have been barred under the old statute.
There is no vested right in a litigant to the benefit of the statute of limitations in effect when his cause of action accrues. This Court has said that:
... where mere inchoate rights are concerned, depending for their existence on the law itself, they are subject to be abridged or modified by law, and .. statutes of this character apply to such rights existing at the time of their passage, provided a reasonable time is given after the passage of the act, and before it would operate as a bar, for the party to exercise the right.
Hart v. Bostwick, 14 Fla. 162, 181 (1872). The one-year savings period provided for here is a reasonable time. Campbell v. Horne, 147 Fla. 523, 3 So.2d 125 (1941). See also Buck v. Triplett, 159 Fla. 772, 32 So.2d 753 (1947), and H.K.L. Realty v. Kirtley, 74 So.2d 876 (Fla. 1954).
The judgment of the Circuit Court for Pinellas County is affirmed.
It is so ordered.
OVERTON, C.J., and ENGLAND and HATCHETT, JJ., concur.
ADKINS, J., dissents.