369 So.2d 572 (1979)
OVERLAND CONSTRUCTION COMPANY, INC., Petitioner,
v.
Jerry I. SIRMONS, et Ux., et al., Respondents, (Two Cases).
Nos. 52799, 52788.
Supreme Court of Florida.
March 1, 1979.
Rehearing Denied May 2, 1979.
Justus W. Reid of Magill, Sevier & Reid, Palm Beach, and Edna L. Caruso, West Palm Beach, for petitioner-appellant.
Richard L. Martens of Cone, Owen, Wagner, Nugent, Johnson & McKeown, and Larry Klein, West Palm Beach, for respondents-appellees.
ENGLAND, Chief Justice.
In this proceeding we are called upon to review the constitutionality of section 95.11(3)(c), Florida Statutes (1975), insofar as it absolutely bars the right to bring suit for certain injuries incurred on real property unless the lawsuit is commenced within twelve years after the completion of the improvements which produced the injury. The relevant portion of the statute, which limits actions "founded on the design, planning, or construction of an improvement to real property," states:
In any event the action must be commenced within 12 years after the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer.
In 1961, Overland and another company completed construction of a building in West Palm Beach. In 1975, more than twelve years after Overland's completion of construction, Jerry Sirmons was injured in the building in the course of his employment. He sued both the owner of the building and its builders. When Overland *573 moved for a summary judgment based on the statutory twelve year ban on lawsuits, the quoted portion of section 95.11(3)(c) was declared unconstitutional by the trial court, thereby allowing Sirmons and the other respondents to proceed with the lawsuit not withstanding the seeming bar of the statute. Overland has now sought to have the ruling reversed here, pursuant to article V, section 3(b)(3), Florida Constitution, and Burnsed v. Seaboard Coastline Railroad Co., 290 So.2d 13 (Fla. 1974).
The trial court held the statute unconstitutional as violative of article I, section 21 of the Florida Constitution,[1] which provides:
The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
This constitutional mandate, which has appeared in every revision of the state constitution since 1838,[2] has no counterpart in the federal constitution and derives its scope and meaning solely from Florida case law.[3] The polestar decision for the construction of this provision is Kluger v. White, 281 So.2d 1, 4 (Fla. 1973), in which we held:
[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Based on Kluger, then, we must first decide whether the legislature, without providing any reasonable alternative, has abolished a statutory or common law right of action protected by article I, section 21,[4] and if so, whether that action is grounded both on an overpowering public necessity and an absence of any less onerous alternative means of meeting that need.
It is undisputed that a cause of action of the type asserted by Sirmons in this case  the right of an injured person to bring suit against a building contractor with whom he is not in privity for damages suffered as a result of alleged negligence in construction even after the owner has accepted the completed building  is one for which a right of redress is guaranteed by article I, section 21. This common law right, though not expressly recognized by statute until 1975,[5] was acknowledged as extant by this Court in 1959.[6] When the "access to courts" provision *574 of the constitution was re-adopted in 1968, there existed a right of redress against contractors for the type of injury Sirmons suffered, provided, of course, that suit was commenced within four years[7] after the cause of action accrued by the occurrence of the injury.
Section 95.11(3)(c), insofar as is relevant to this proceeding, creates absolute immunity from suit for certain professionals and contractors connected with the construction of improvements to real property after the expiration of twelve years from the completion of the building. It unquestionably abolished Jerry Sirmons' right to sue Overland for his injuries and provided no alternative form of redress. The only remaining issue under Kluger, therefore, is whether the legislature has shown an overpowering public necessity for this prohibitory provision, and an absence of less onerous alternatives.
The legislature itself has not expressed any perceived public necessity for abolishing a cause of action for injuries occurring more than twelve years after the completion of improvements to real property. Overland suggests that several other states have adopted analogous limitations,[8] principally to counter a trend in the decisional law toward expanded liability for professional engineers, architects and contractors, and that the need for this type of statute is predicated on the difficulty of proof which naturally accompanies the passage of time.
We recognize the problems which inhere in exposing builders and related professionals to potential liability for an indefinite period of time after an improvement to real property has been completed. Undoubtedly, the passage of time does aggravate the difficulty of producing reliable evidence, and it is likely that advances in technology tend to push industry standards inexorably higher. The impact of these problems, however, is felt by all litigants. Moreover, the difficulties of proof would seem to fall at least as heavily on injured plaintiffs, who must generally carry the initial burden of establishing that the defendant was negligent. In any event, these problems are not unique to the construction industry, and they are not sufficiently compelling to justify the enactment of legislation which, without providing an alternative means of redress, totally abolishes an injured person's cause of action. The legislation impermissibly benefits only one class of defendants, at the expense of an injured party's right to sue, and in violation of our constitutional guarantee of access to courts.
This analysis of section 95.11(3)(c) naturally calls for an explanation of our recent decision in Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), where we sustained this very provision in the face of a constitutional challenge by one whose cause of action was curtailed, rather than wholly barred, by the effect of section 95.11(3)(c). In Bauld, unlike the present case, the injury occurred prior to the enactment of section 95.11(3)(c), at a time when the applicable statute of limitations provided only that suit must be commenced within four years.[9] When section 95.11(3)(c) took effect in 1975, two and one-half years of that period had elapsed, during which time an action could have been filed. Moreover, the savings clause of section 95.022[10] extended the deadline for instituting existing causes of action which would otherwise have been terminated by the new twelve year limitation for an additional year. Consequently, the absolute twelve year prohibitory provision did not operate to abolish Pearl Bauld's cause of action, but merely *575 abbreviated the period within which suit could be commenced from four to three and one-half years. Although shortened, the time for bringing suit was found to be ample and reasonable; it was not forestalled altogether.
By contrast, Sirmons' cause of action was already barred by the twelve year limitation when it first accrued  that is, when his injuries occurred. No judicial forum would ever have been available to Sirmons if the twelve year prohibitory portion of the statute were given effect. Obviously, our decision as to the validity of the statute vis-a-vis Pearl Bauld would not operate to bar our declaring the same statute invalid vis-a-vis Jerry Sirmons.
Some mention should be made of decisions from other jurisdictions concerning similar statutes. In several cases relied on by Overland the courts reviewed statutory provisions similar to section 95.11(3)(c) under a much less exacting standard than our own constitution and decisional law require. The courts in those states essentially determined that their laws constituted a reasonable exercise of the police power, unrelated to any "access to courts" provision in their organic law or a subservient Kluger standard.[11]
A foreign decision which we do find persuasive, however, is Saylor v. Hall, 497 S.W.2d 218 (Ky. 1973), in which a like statute was tested against a constitutional provision guaranteeing a right of access to courts similar to our own.[12] The Kentucky court recognized that a majority of other jurisdictions considering the issue had upheld the validity of such statutes against due process and equal protection attacks, but it nonetheless held that
the application of purported limitation statutes in such manner as to destroy a cause of action before it legally exists cannot be permissible if it accomplishes destruction of a constitutionally protected right of action.[13]
We similarly conclude that in Florida, as in Kentucky, the unique restriction imposed by our constitutional guarantee of a right of access to courts makes it irrelevant that this "statute of repose" may be valid under state or federal due process or equal protection clauses.
We hold that, insofar as section 95.11(3)(c), Florida Statutes (1975), provides an absolute bar to lawsuits brought more than twelve years after events connected with the construction of improvements to real property, it violates article I, section 21 of the Florida Constitution. The order of the trial court is, therefore, affirmed.
It is so ordered.
ADKINS, SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which BOYD and OVERTON, JJ., concur.
ALDERMAN, Justice, dissenting.
Section 95.11(3)(c), Florida Statutes (1975), prevents a cause of action founded on the design, planning, or construction of an improvement to real property from arising against professional engineers, registered architects, and licensed contractors after twelve years from the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer. The majority, relying on Kluger v. White, 281 So.2d 1 (Fla. 1973), holds this section to be in violation of article I, section 21, of the Florida Constitution, because the legislature failed to show an overpowering public necessity or *576 that there was no less onerous alternative method.
Although the legislature, in section 95.11(3)(c) did not make an express finding that this statute was enacted to meet an overpowering public necessity and that there is no less onerous alternative, it is apparent to me that the limitation on causes of actions imposed by this section was created to meet such a necessity. Some insight into the purpose of section 95.11(3)(c) may be found in Grissom v. North American Aviation, Inc., 326 F. Supp. 465 (M.D.Fla. 1971). In that case, the court was considering section 95.11(10), Florida Statutes (1969), the predecessor to section 95.11(3)(c), which provided a time limitation of twelve years within which actions may be brought against professional engineers and registered architects. The widow of astronaut Virgil Grissom sued for the wrongful death of her husband, who had been killed while engaged in a "ground test" of an apollo space capsule. One of the issues before the court was the intent of the legislature in passing the twelve-year limitation. In the absence of any legislative history, the court looked to a somewhat similar statutory proposal that had been before the United States House of Representatives  H.R. Bill No. 4181. The court considered House Report No. 91-370, which accompanied H.R. Bill 4181. The report explained the basis for limiting to some definite period the time in which an action could be brought against the engineers, architects, or designers of improvements to realty. The reasons set out in the report are equally applicable to Florida and make clear the overpowering public necessity for section 95.11(3)(c). The report in part said:
"... Architects who design buildings or improvements to real property, engineers who design and install equipment, or contractors, who build the improvements under rigid inspection and conformity with building codes, may find themselves named as defendants in such damage suits many years after the improvement was completed and occupied.
Comparatively, modern architecture, engineering, and construction, with the new techniques, technology, and methods, may give the appearance of defective or unsafe conditions to older structures which conditions may be used as a basis for such damage suits. In such cases, the architectural plans used may have been discarded, copies of building codes in force at the time of design or construction may no longer be in existence and the persons who were individually involved may have deceased or may not be located. The purpose of the law is to provide a reasonable time and opportunity for a person who has suffered injury or damages to bring an action. To permit the bringing of such actions without any limitation as to time places the defendant in an unreasonable position if not imposing the impossibility of asserting a reasonable defense.
At hearings before your Committee, specific cases were mentioned to illustrate the need for the pending legislation. In one case an architectural firm designed an auditorium which was built in 1928. In 1965, a visitor to the auditorium fell on the stairway and was injured. Her allegation in a suit for damages against the owner was that her injury was due to the improper location of a handrail. The owner of the building, in turn, filed suit against the architect for alleged negligence in designing the stairway and handrail. Thus, 38 years after the completion of the construction the architectural firm is now defending itself against a $50,000 lawsuit.
In another instance an engineering firm designed a grain elevator which was built in 1934. The elevator was destroyed by an explosion in 1957. In 1959, the owner sued the engineer for $250,000 alleging that the explosion was due to errors in the design of the ventilation system.
In the first case, none of the architects involved in the design of the auditorium is alive today but the architectural firm is being sued. The plans, specifications, and contracts may have been lost or destroyed. Old building codes, essential to *577 the defense cannot be found. In the grain elevator case, the plaintiff in effect alleged that the engineer should have created in 1934 a ventilation system based on 1959 standards and technology.
Architects, engineers, and contractors have no control over an owner whose neglect in maintaining an improvement may cause dangerous or unsafe conditions to develop over a period of years. They cannot prevent an owner from using an improvement for purposes for which it was not designed. Nor can they prevent the owner of a building from making alterations or changes which may, years afterward, be determined unsafe or defective and appear to be a part of the original improvement."
326 F. Supp. at 467-8. The federal district court determined that this same general intent was a major reason for passage of section 95.11(10) and similar statutes in other jurisdictions.
If the legislature, in enacting section 95.11(3)(c), had made findings similar to those quoted above, there could be little doubt that it would have shown an overpowering public necessity and the absence of a less onerous alternative. Even without such express recital, however, I believe the need for section 95.11(3)(c) is clear. In the present case, the time lapse was sixteen years, but it could just have well been thirty-two or sixty-four years. Without section 95.11(3)(c), there is no limitation on the number of years after which a suit could be brought against an engineer, architect, or contractor.
The legislature has balanced the conflicting interests and determined that twelve years is a reasonable time after which a cause of action may not arise. In doing so, it has not, in my opinion, violated article I, section 21 of the Florida Constitution. I would reverse the trial court's order.
BOYD and OVERTON, JJ., concur.
NOTES
[1] The trial court also invalidated the statute on other constitutional grounds, but our disposition of this case makes it unnecessary to address those issues.
[2] G.B.B. Investments, Inc. v. Hinterkopf, 343 So.2d 899, 901 (Fla. 3d DCA 1977).
[3] See, for example, Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977); Sunspan Eng'r & Const. Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974); Kluger v. White, 281 So.2d 1 (Fla. 1973); Flood v. State ex rel. Homeland Co., 95 Fla. 1003, 117 So. 385 (1928).
[4] § 2.01, Fla. Stat. (1975), provided that "[t]he common and statute laws of England which are of a general and not a local nature ... down to the 4th day of July, 1776, are declared to be of force in this state... ." The common law principles as adopted by section 2.01, however, have not been confined as of 1776, but have been held to be "designed for application to new conditions and circumstances." State ex rel. Burr v. Jacksonville Terminal Co., 90 Fla. 721, 744, 106 So. 576, 584 (1925).
[5] Ch. 74-382, § 7, Laws of Fla., codified as § 95.11(3)(c), Fla. Stat. (Supp. 1974) (effective January 1, 1975).
[6] Slavin v. Kay, 108 So.2d 462, 465-67 (Fla. 1959). While the common law rule in effect in 1776 had severely limited a contractor's liability, a more expansive view was developed by our courts over the years as exceptions to the general rule. For a discussion of the evolution of contractor liability in Florida, see Slavin, and see generally, W. Prosser, Torts § 104, at 680-82 (4th ed. 1971).
[7] § 95.11(4), Fla. Stat. (1967).
[8] See, for example, Carter v. Hartenstein, 248 Ark. 1172, 455 S.W.2d 918 (1970), appeal dismissed, 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800 (1971); Josephs v. Burns, 260 Or. 493, 491 P.2d 203 (1971).
[9] § 95.11(4), Fla. Stat. (1971).
[10] Under section 95.022, any action barred by the new statute that would not have been barred under prior law could still be commenced at any time before January 1, 1976. Of course, this provision is of no benefit to Sirmons, or others similarly situated, whose right of action had not arisen prior to January 1, 1975.
[11] Several state statutes are identified in Comment, Limitation of Action Statutes for Architects and Builders  Blueprints for Non-action, 18 Catholic U.L.Rev. 361 (1969).
[12] Section 14 of the Constitution of Kentucky provides:

All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.
[13] 497 S.W.2d at 225.