413 So.2d 75 (1982)
Pedro Luis PEREZ and Luisa Perez, His Wife; Adolfo Rodriguez and Migdalia Rodriguez, His Wife, Appellants,
v.
UNIVERSAL ENGINEERING CORP., Maule Industries, Inc., and the Insurance Company of North America (Ina), Appellees.
Nos. 80-1930, 80-1943 and 81-135.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Rehearing Denied May 11, 1982.
Horton, Perse & Ginsberg and Edward A. Perse, Carroll, Halberg & Meyerson, Miami, for appellants.
Vernis, Bowling, West, Montalto & Goodman and Stephen N. Montalto, Coconut Grove, Lane, Mitchell & Harris and C. Robert Murray, Jr., Miami, for appellees.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
These appeals are from a summary judgment entered against appellants on the grounds that the causes of action are barred by the applicable statute of limitations. We reverse.
Perez and Rodriguez, employees of Pennsuco Cement & Aggregates, Inc., a wholly owned subsidiary of Maule Industries, suffered *76 serious job-related illness in 1972. Both workers were awarded worker's compensation benefits. Both filed circuit court actions against Maule Industries[1] in 1975. The complaints of both appellants were amended and filed March 26, 1976 adding Universal Engineering Corp. and Western Knapp Engineering Company[2] as party defendants. In the complaint as against Universal and Western it is alleged that appellants' injuries were the result of manganese poisoning derived from use of a machine designed, manufactured, and installed negligently by Universal and Western.
In resolving the legal issues we must examine Section 95.11(3)(c), Florida Statutes (1975) and the several supreme court cases construing this statute. The machinery which is alleged to have been the cause of appellants' injuries was purchased and installed as fixtures between 1952 and 1958. The 1975 statute of limitations which was in effect when the action commenced against Universal and Western provided in pertinent part:
(3) WITHIN FOUR YEARS
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner..., except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event the action must be commenced within 12 years after the date of actual possession by the owner... . (emphasis supplied).
There is no dispute that under this statute the twelve-year period expired in 1970. Neither is there a dispute that if appellants have a cause of action, it accrued after 1970.
The issues raised by these appeals are (1) whether appellants' causes of action are time barred by the twelve-year limitation of Section 95.11(3)(c), and if not, (2) whether the provision requiring that the action for recovery be commenced within four years is a bar.
The Supreme Court has considered Section 95.11(3)(c) in several cases. In Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), the statute had gone into effect before expiration of the twelve-year provision which would cut off access to the court, and, before the action became barred by the four-year limitation. The newly enacted statute did have the effect, in Bauld's case, of shortening by seven months the statute of limitation in effect prior to enactment of the new statute. Bauld's complaint was dismissed because she failed to commence it within the period as shortened. She attacked the new statute on constitutional grounds contending that she had a vested right to the benefit of the statute of limitations in effect when her cause of action accrued. The court rejected the contention and distinguished Kluger v. White, 281 So.2d 1 (Fla. 1973) on which she relied:
But the revisions in question did not abolish any right of access to the courts; they merely laid down conditions upon the exercise of such a right... There is no vested right in a litigant to the benefit of the statute of limitations in effect when his cause of action accrues... .
In Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979) the claimant was injured more than twelve years after completion of construction of an improvement to the realty. The statute would have been an absolute bar to the lawsuit. The Supreme Court affirmed the trial court's declaration that the statute was unconstitutional as violative of Article I, Section 21, *77 Florida Constitution,[3]citing Kluger v. White, supra. The court distinguished Bauld v. J.A. Jones Construction Co., supra:
By contrast, Sirmon's cause of action was already barred by the twelve year limitation when it first accrued  that is when his injuries occurred. No judicial forum would ever have been available to Sirmon if the twelve years prohibitory portion of the statute were given effect. Obviously, our decision as to the validity of the statute vis-a-vis Pearl Bauld would not operate to bar our declaring the same statute invalid vis-a-vis Jerry Sirmons.
In Diamond v. E.R. Squibb and Sons, Inc., 397 So.2d 671 (Fla. 1981), the court in interpreting Section 95.031(2), relied on Overland Construction Co. v. Sirmons, supra, in finding that an action against a drug manufacturer was not barred when the victims learned twenty years after use that the drug caused cancer. In reaching its decision, the court cited Overland Construction Co. v. Sirmons, supra, for the rule that a statute which bars a cause of action before it exists violates a person's constitutional guaranty of access to the courts.
Appellees argue that the facts of this case present a Bauld and not a Sirmons, problem. They rationalize that since the cause of action did not accrue until after the twelve-year bar provision had expired  application of which what would have unconstitutionally barred access to the courts  then the four-years statute of limitations would still apply, subject to the shortening provision of the simultaneously enacted "savings clause."[4] Thus, it is argued, appellants had from the date of injury, sometime between 1970 and 1972, until January 1, 1976 to commence a lawsuit and having failed to do so are forever barred.
We must reject the argument for the reason that the supreme court precisely distinguished Bauld and Sirmons on the ground that in one case the cause of injury occurred before the new statute was enacted and in the second case the injury occurred afterwards. The implicit holding of Overland Construction Co. v. Sirmons, supra, is that the "savings clause" is irrelevant where the cause of action accrued after enactment of the statute. See also Diamond v. E.R. Squibb and Sons, Inc., supra. In answer to the first of the two issues we hold that the twelve-year ban portion of the statute, cited with emphasis above, cannot constitutionally be applied to bar appellants' action for recovery.
We next consider whether the cause of action is barred by the four-year statute of limitations. Perez was employed by Pennsuco from November, 1970 to April, 1972 and Rodriguez was employed from July, 1969 to October, 1972. Both men contend that their jobs consisted of welding manganese and manganese rods onto "crusher" machines, which machines are the alleged cause of their injuries, and that it was much later determined that they were suffering from manganese poisoning induced by the fumes given off during the welding process.
The statute in question expressly provides that with respect to latent defects the time begins to run when the defect is discovered or should have been discovered with reasonable diligence. The question whether one by exercise of reasonable diligence should have known he had a cause of action against a defendant is, ordinarily, one of fact which should be left to the jury. First Federal Savings and Loan Association of Wisconsin v. Dade Federal Savings and Loan Association, 403 So.2d 1097 (Fla. 5th DCA 1981) and cases collected therein. But cf. Steiner v. Ciba-Geigy Corporation, 364 So.2d 47 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979) (summary judgment affirmed where from record evidence it was conclusively shown that facts giving rise to cause of action should have been *78 known earlier). The motion for summary judgment filed by Universal relies only on the statute of limitations as a bar to this action without supporting evidentiary matters. In the motion it is contended that the facts giving rise to the cause of action occurred December 2, 1970 through April 4, 1972, more than four years prior to the filing of the complaint naming Universal as a defendant. Needless to say the date of occurrence of the injury does not necessarily determine when a cause of action accrues and the statute so contemplates. The running of the statute of limitations is tolled until a claimant, through the exercise of reasonable diligence, is put on notice as to the negligent act which caused the injury. Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981); Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980), Steiner v. Ciba-Geigy Corporation, supra. Appellants contend that it was long after their actual illnesses that they became aware that they had been exposed to the dangerous manganese fumes which was the source of injury.
On these pleadings we hold that whether the four-year provision of Section 95.11(3) is a bar to this action presents a material issue of fact, and, therefore, summary judgment was inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded for further consistent proceedings.
NOTES
[1] The action against Maule Industries is the subject of a separate appeal, Perez v. Maule Industries, Inc., 411 So.2d 960 (Fla. 3d DCA 1982).
[2] In a companion case, Valdes v. Western Knapp Engineering Co., 382 So.2d 1371 (Fla. 3d DCA 1980), summary judgment was reversed, Western having candidly confessed error in light of Overland Construction Co. v. Sirmons, infra.
[3] The courts shall be open to every person for redress of injury, and justice shall be administered without sale, denial or delay.
[4] Section 95.022 entitled "Effective date; saving clause" provides:

This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.