BASKIN, Judge
(dissenting).
On June 21, June 24, and July 4, 1975, appellees allegedly provided appellant Cates with negligent medical care and treatment by failing to remove a chunk of glass from his injured foot. The glass was surgically *292 removed on February 6, 1979. On January 9, 1980, Cates filed a medical mediation claim. When the mediation proceeding was terminated by operation of law pursuant to the supreme court’s decision in Aldana v. Holub, 381 So.2d 231 (Fla.1980), Cates instituted an action in the circuit court, filing a complaint on April 9, 1980. Ruling that the action was time barred under section 95.-11(4)(b), Florida Statutes (1979), the trial court entered summary judgment in favor of appellees. This court reversed, Cates v. Graham, No. 81-1193 (Fla. 3d DCA April 20, 1982) [7 FLW 907], but, upon rehearing, now affirms the final judgment. It is a decision with which I cannot agree. In my opinion, appellant has been deprived of his right of access to the courts by the application of section 95.11(4)(b). I would therefore reverse upon a holding that, under the circumstances of this case, section 95.11(4)(b) is unconstitutional.
The issue involved is whether the five months between discovery of appellant’s injury and the absolute four-year bar to bringing suit under section 95.11(4)(b) constituted a reasonable time under the Florida Constitution for commencement of a medical malpractice claim.
Section 95.11(4)(b), Florida Statutes (1979), in relevant part, provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
According to the facts presented, “the date of the incident or occurrence out of which the cause of action accrued” was July 4, 1975, the last date of the allegedly negligent medical treatment. According to the four-year final repose provision contained in section 95.11(4)(b), Cates’ action became barred on July 4, 1979. Because Cates did not discover his right to bring an action until the surgical removal of the glass from his foot on February 6, 1979, he had only five months left for the commencement of a medical malpractice action after he discovered his right to bring suit.
Whether a five-month period constitutes a reasonable time within which to file suit is an issue the Florida Supreme Court has not yet addressed in its decisions construing the final repose provision of section 95.-11(4)(b). In Dade County v. Ferro, 384 So.2d 1283 (Fla.1980), the court exercised judicial restraint and did not reach the constitutional question of access to courts under section 95.11(4)(b). The court held that the four-year limitation period contained in the statute may not be applied retroactively to bar a medical malpractice claim “where the occurrence or incident out of which the claim arose predates the effective date of the statute.” Id. at 1287. Left open was the question “whether the four-year absolute bar to medical malpractice claims contained in section 95.11(4)(b) unconstitutionally denies a claimant access to the courts under article I, section 21 of- the Florida Constitution.” Id. at 1284.
The Declaration of Rights, Florida Constitution, Article I, section 21, provides:
The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay.
In the seminal case construing Article I, section 21, Kluger v. White, 281 So.2d 1, 4 (Fla.1973), the supreme court decided:
[Wjhere a right of access to the courts for redress for a particular injury has been provided by statutory law ... or where such right has become a part of the common law of the State ..., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
*293 There are two distinct lines of case law in Florida involving the application of the constitutional right-of-access principles enunciated in Kluger to statutes of repose similar to section 95.11(4)(b). In one set of cases, the court has upheld the constitutionality of such limitation provisions in the context of factual settings in which the injury occurred or was discovered before the “statute of repose” came into effect. In these cases, the court found that the litigants were not absolutely barred from access to courts, since a one-year savings clause afforded them a reasonable time in which to pursue a preexisting right of action. On the other side of the ledger are decisions in which the court declared unconstitutional repose provisions which, under the circumstances, completely shut off a potential plaintiffs legal right of action. In these cases, the right of action was not discovered until some time after the limitation period in question had run. The aggrieved party’s right of access in such cases was cut off before it ever accrued, divesting the litigant of a right to a judicial forum for relief. The case under consideration falls somewhere between these two lines of decisions. A close examination of the factual underpinnings of these cases leads to the conclusion that the five-month period in which Cates was required to file suit was not reasonable and deprived him of a meaningful opportunity to pursue his claim within the context of Article I, section 21 of the Florida Constitution.
In Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla.1978), the court found that the twelve-year limitation provisions of sections 95.11(3)(c) and 95.031(2) were not unconstitutional where the injury occurred prior to the enactment of the twelve-year repose provisions. In Bauld, a viable cause of action arose in July of 1972 when plaintiff was struck in the face by a pneumatic capsule while working in a hospital. The statute of limitations in force at the time of the injury entitled Bauld to file suit within four years of the date of discovery, that is, until July of 1976. In the interim, the revision to Chapter 95 was enacted. It contained a new statute of repose which limited to twelve years the time for instituting actions in products liability and construction defect cases, measured from the “date of delivery of completed product to its original purchaser,” section 95.031(2), Florida Statutes (1975), or from the date of possession by the owner or termination or completion of the contract; section 95.-ll(3)(c), Florida Statutes (1975), without regard to the date of discovery of the injury or right of action. In addition, the revised statutes contained a “savings clause,” section 95.022, Florida Statutes (1975), which provided a one-year grace period from the effective date of the new statute for bringing pre-existing causes of action. Under the twelve-year repose provisions, Bauld would have been barred from bringing suit in August of 1973. However, by virtue of the savings clause provision, Bauld received the benefit of the addition of the one-year grace period to the time for filing suit. Since Bauld discovered a right of action in July of 1972, she had three and one-half years under the new statute to file suit. Thus, the court held that the intervening statutory revision did not operate to abolish the plaintiff’s right of access to the courts, but merely “laid down conditions upon the exercise of such a right,” Id. at 402, in effect, shortening the time for bringing suit from four years to three and one-half years.
While it is not clear from Bauld, or from other cases construing similar statutes of repose, precisely what period of time would be considered unconstitutional, the court in Bauld indicated that a year constitutes a reasonable time. The court noted that the right to bring a cause of action may properly be modified by law, quoting Hart v. Bostwick, 14 Fla. 162, 181 (1872), for the proposition that statutes of limitation “apply to such rights existing at the time of their passage, provided a reasonable time is given after the passage of the act, and before it would operate as a bar, for the party to exercise the right.” Bauld at 403. The Bauld court concluded that “[t]he one-year savings period provided for here is a reasonable time.” Bauld at 403 and cases cited therein. See also Purk v. Federal *294 Press Go., 387 So.2d 354 (Fla.1980); Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla.1979). If it is true that an aggrieved party should have at least one year from the date of discovery to commence an action, Cates’ five-month period was seven months less than the minimum amount of time acceptable to the court.
Another persuasive argument rests upon the factual distinction between Bauld and Cates. Bauld was aware of her right of action for three and one-half years before the running of the revised statute of limitations, extended pursuant to the savings clause. Cates, however, learned that a right of action existed only five months prior to the running of the four-year repose provision contained in section 95.11(4)(b).
Other cases which, like Bauld, uphold the constitutionality of statute of repose provisions contain the same key factual predicate. In Purk, for example, plaintiff discovered her right of action when she was injured while using a defective machine in April of 1973. Under the revised products liability final repose provision, plaintiff was required to bring suit within twelve years of the date of delivery, without regard to the date of discovery of the defect. Just as in Bauld, the savings clause extended the time for filing suit one year beyond the effective date of the new statute of repose, or until January of 1976. The Purk plaintiff failed to file her action until April of 1976, and was therefore barred from bringing suit. Purk, unlike Cates, had two years and eight months from the date of discovery of her right of action to bring suit under the new statute of repose as extended by the savings clause. Because a substantial amount of time remained for Purk to file suit under the new statute, the court found no violation of the litigant’s right of access to courts, even though the time for commencing the action was shortened by over a year.
Statutes of repose may not completely bar access to courts. Accordingly, in Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla.1979), the court held that where injuries were not sustained until after the running of the twelve-year limitation period, the final repose provision of section 95.11(3)(c), Florida Statutes (1975) barring the claim operated unconstitutionally. A similar result obtained in Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981), where the cancerous condition giving rise to a products liability action was not discovered until twenty years after the drug which caused the condition was administered to the pregnant mother. Concurring specially, Justice McDonald stated:
[Plaintiff] had an accrued cause of action but it was not recognizable, through no fault of hers, because the injury had not manifested itself. This is different from a situation where the injury is not inflicted for more than twelve years from the sale of the product. When an injury has occurred but a cause of action cannot be pursued because the results of the injury could not be discovered, a statute of limitation barring the action does, in my judgment, bar access to courts and is constitutionally impermissive.
Id. at 672.
Diamond is analogous to the present case in that Cates was deterred from bringing suit by the fact that his cause of action was not discernable until the injury was discovered. The difference is that in Diamond, the injury became apparent after the twelve-year limitation period had run, whereas Cates’ injury was discovered five months before the expiration of the four-year final repose provision of section 95.-ll(4)(b). See also Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1981) (where right of action occurred more than twelve years after the sale of the defective product, twelve-year repose provision unconstitutionally denied plaintiffs their right of access to courts under Article I, section 21 of the Florida Constitution); Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982) (twelve-year bar portion of statute of limitations governing actions regarding latent defects in improvements to real property could not constitutionally be applied to bar employees’ actions).
*295 In the present case, appellant was not absolutely barred from seeking relief in a judicial forum as were the plaintiffs in Overland and Diamond. Nevertheless, with only five months from the date of discovery remaining for the commencement of suit, Cates suffered a disadvantage. In my opinion, the date of discovery is significant in determining whether reasonable time remains for the commencement of an action. For these reasons, I would hold that the five-month period between the date of discovery and the expiration of the final four-year repose provision of section 95.11(4)(b) was insufficient to afford appellant his constitutionally guaranteed right of access to court. I would reverse.