451 So.2d 463 (1984)
UNIVERSAL ENGINEERING CORP., Appellant,
v.
Pedro Luis PEREZ, et al., Appellees.
No. 62157.
Supreme Court of Florida.
May 17, 1984.
*464 Gerald E. Rosser and Vernis, Bowling, Mantalto, Goodman & Blank, Miami, for appellant.
Edward A. Perse of Horton, Perse & Ginsberg and Carroll, Halberg & Meyerson, Miami, for appellees.
PER CURIAM.
This appeal is from a decision of the Third District Court of Appeal, Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982), which held section 95.11(3)(c), Florida Statutes (1975), unconstitutional as applied to appellees' causes of action. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, but we are unable to exercise our jurisdiction for lack of sufficient factual determinations on the record before us. Thus, we remand for further proceedings.
Pennsuco Cement & Aggregates, Inc., a wholly owned subsidiary of Maule Industries, employed appellee Perez from November 1970 to April 1972 and appellee Rodriguez from July 1969 to October 1972. The appellees' jobs consisted of welding *465 manganese and manganese rods onto rock crusher machines, which had been purchased and installed between 1952 and 1958. Perez and Rodriguez contend that they contracted manganese poisoning induced by fumes given off during the welding process, that they became seriously ill in April 1972 and October 1972, respectively, and that the cause of their illness was not determined until a much later date. The record is silent as to the exact date of diagnosis and as to the date at which appellees knew or should reasonably have known their illness was occupationally related. Perez and Rodriguez filed suit against their employers in 1975. They amended their complaints on March 26, 1976, adding Universal Engineering Corporation and Western Knapp Engineering Company as party defendants. Appellees alleged that their injuries resulted from manganese poisoning derived from the use of the crusher machines negligently designed, manufactured, and installed by Universal and Western Knapp.
Universal filed a motion for summary judgment claiming that, since Universal had not been added until March 26, 1976, the actions were barred by the statute of limitations. The trial court granted the motion, and the district court reversed and remanded. Universal appealed the district court decision to this Court.[1] We are asked to determine whether the district court erred in declaring the statute of repose unconstitutional as applied to appellees' causes of action.[2]
A statute of repose should be distinguished from a statute of limitations.
Rather than establishing a time limit within which [an] action must be brought, measured from the time of accrual of the cause of action, these [statute of repose] provisions cut off the right of action after a specified time measured from the delivery of a product or the completion of work. They do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right.
Bauld v. J.A. Jones Construction Co., 357 So.2d 401, 402 (Fla. 1978). The statute of repose in issue was contained in the statute of limitations in effect when the actions were filed, section 95.11(3)(c), Florida Statutes (1975), which provided:
(3) WITHIN FOUR YEARS. 
.....
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or upon completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event within 12 years after the date of actual possession by the owner, the date of abandonment of construction if not completed, or upon completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer.
That statute was added by chapter 74-382, Laws of Florida, and became effective January 1, 1975. The provisions also contained a savings clause, codified as section 95.022, Florida Statutes (1975), which provided:
This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
*466 The issue presented to this Court is whether the statute of repose in section 95.11(3)(c) may be constitutionally applied to bar actions which arose after the expiration of the twelve-year repose provision but before the effective date of the statute, so as to invoke the savings clause.[3]
This case must be analyzed in terms of our reasoning in Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), and its clarification of Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978). In Overland we held that, insofar as section 95.11(3)(c) operates as an absolute bar to actions commenced more than twelve years after events connected with the construction of improvements to real property, it violates article I, section 21 of the Florida Constitution.[4] This section provides:
The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
Thus, for section 95.11(3)(c) to be unconstitutional as applied, it must operate as an *467 absolute bar to bringing an action. If section 95.11(3)(c) only shortens the time period in which the action may be brought to a reasonable amount of time, then the Florida Constitution is not violated. Bauld.
In Overland the plaintiff's cause of action accrued after January 1, 1975, the effective date of the statutory revision and after the running of the twelve-year cap provision of section 95.11(3)(c). Consequently, the action was absolutely barred by the cap provision and the inapplicability of the savings clause's one-year extension period. See also Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981) (interpreting section 95.031(2), Florida Statutes (1977)). In Bauld the plaintiff's cause of action accrued prior to January 1, 1975, the effective date of the revision, and prior to the running of the twelve-year cap provision of section 95.11(3)(c). Consequently, the action was not absolutely barred because not only did the plaintiff have until the effective date of the statutory revision to file suit but, in addition, the plaintiff had the one-year extension granted by the savings clause. See also Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980) (interpreting section 95.031(2), Florida Statutes (1975)).
It is undisputed that the cause of action accrued after the twelve-year repose provision had run in 1970, but this alone is not sufficient to determine the constitutionality of section 95.11(3)(c). An additional inquiry into whether the cause of action accrued before or after the effective date of the statutory revision, January 1, 1975, so as to invoke the savings clause, is essential. The very purpose of enacting the savings clause was to address the situation in which a plaintiff with an existing cause of action was barred from bringing suit because of the newly enacted statute of limitations. Carpenter v. Florida Central Credit Union, 369 So.2d 935, 937 (Fla. 1979).
Because it does not appear in the record when this cause of action accrued, the Court is unable to determine whether this case is controlled by Overland or by Bauld. The rule of law applicable to the case at bar was discussed in Seaboard Air Line Railroad Co. v. Ford, 92 So.2d 160, 164-65 (Fla. 1956) (per curiam on rehearing):
Generally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained. Cf. Cristiani v. City of Sarasota, Fla. 1953, 65 So.2d 878; 54 C.J.S. Limitations of Actions, § 174, p. 141. The rule of Urie and similar cases dealing with limitations of actions for occupational diseases was developed as an exception to the general rule because of the fact that such diseases may exist unrecognized for a long time and under a judicial determination that the legislature could not have "intended such consequences to attach to blameless ignorance." Urie v. Thompson, supra, 337 U.S. 163, 69 S.Ct. 1018, 1025 [93 L.Ed. 1282]. See also the comment of the annotator and cases cited in 11 A.L.R.2d p. 279 et seq., for a discussion of this theory and others developed by the courts to avoid the impact of the general rule in occupational disease cases. The United States Supreme Court said in the Urie case that "`the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves, ...'" quoting Associated Indemnity Corp. v. Industrial Accident Commission, 124 Cal. App. 378, 12 P.2d 1075, with approval. In City of Miami v. Brooks, supra, 70 So.2d 306, we adopted the theory of the Urie case and applied it in a non-occupational disease case where there was no visible traumatic injury at the time of the negligent act nor other circumstances by which plaintiff could have "been put on notice of his right to a cause of action ..." at that time. And it must be held, under those decisions, that until an occupational disease has manifested *468 itself, there has been no "injury" to start the running of the statute. But we have concluded that when the existence of a disease of the kind here involved (contact dermatitis) is manifested and its nature as an occupational disease is fairly discoverable, the statute begins to run, even though the exact substance causing the disease has not been determined. This is so because when the disease manifests itself, the employee has been "injured" so as to start the running of the statute, Urie v. Thompson, supra; and if the employee knows or should know that his disease is occupational in origin, he "has been put on notice of his right to a cause of action," City of Miami v. Brooks, supra, and can no longer rely on "blameless ignorance" as tolling the running of the statute. Cf. Consolidation Coal Co. v. Dugan, 1951, 198 Md. 331, 83 A.2d 863, 854.
(Emphasis added.) Plaintiff's alleged injuries fall in the category of occupational injuries. "[T]he statute of limitations begins to run from the time that the employee knows or should have known that the disease was occupational in origin, even though diagnosis of the exact cause has not yet been made." Id. at 165.
The rationale for this exception to the general rule was explained by this Court in City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954). In that case, a patient had received x-ray treatment for planter warts on her heel. More than five years after the treatment she developed an ulcer on the site of the original treatment, allegedly caused by negligent burning of the tissue with the x-ray. Suit was filed six years after the treatment but only a year after the ulcer began to develop. In holding that the statute of limitations did not bar the patient's action for damages, this Court distinguished these facts from those controlled by the general rule:
There is a distinction, however, between notice of the negligent act and notice of its consequences. In the case of Christiani v. City of Sarasota, while there was no notice of the consequences of the act until eighteen months later, nevertheless, there was notice of the act at the time of the accident and of a right of a cause of action, so that the statute began to run even though notice of its consequences did not materialize until later. In the case of Urie v. Thompson ... the United States Supreme Court held the action not to have been barred by the three-year statute of limitations, where the suit was brought within three years from the time when the employee discovered the disease; that in the absence of evidence showing that he should have known his condition at an earlier date the cause of action accrued only when diagnosis of disease was accomplished and not when the employee unwrittingly contracted it... . In other words, the statute attaches when there has been notice of an invasion of the legal right of the plaintiff or he has been put on notice of his right to a cause of action... . To hold otherwise, under circumstances of this kind, would indeed be a harsh rule and prevent relief to an injured party who was without notice during the statutory period of any negligent act which might cause injury.
70 So.2d at 308-9. (Citations omitted.)
Appellees acknowledge their illnesses were manifest in 1972, but allege that the cause of illness was not determined till a later, unspecified, date. Thus, we are ignorant of when the appellees knew or should have known that their disease was occupational in origin. With that knowledge, the date of the accrual of the cause of action is determinable, and it will be possible to decide whether this cause of action is controlled by Overland or by Bauld. If the cause of action is found to have accrued before January 1, 1975, the effective date of the statute, the savings clause will be controlled by Bauld. If, however, the cause of action accrued after January 1, 1975, the claim will be barred by the statute. According to Overland, this would result in an unconstitutional denial of access to the courts; thus the statute would be unconstitutional as applied.
*469 Accordingly, this cause is therefore remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion with which BOYD, J., concurs.
ALDERMAN, Chief Justice, dissenting.
I would quash the decision of the district court and remand with directions to reinstate the summary judgment of the trial court entered in favor of Universal Engineering Corporation on the basis that the cause of action against Universal was barred by the twelve-year statute of repose. The district court erroneously concluded that section 95.11(3)(c), Florida Statutes (1975), is unconstitutional as applied to appellees' causes of action.
The causes of action arose after the expiration of the twelve-year repose period and prior to the effective date of section 95.11(3)(c), thereby invoking the savings clause which provides:
[B]ut any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
§ 95.022, Fla. Stat. (1975). This case, therefore, is controlled by our decision in Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), wherein we concluded that the plaintiff's cause of action which accrued prior to January 1, 1975, was not absolutely barred in light of the applicability of the savings clause to her case.
I disagree with the majority that it is not clear when appellees' causes of action accrued and that thus we are unable to determine whether the savings clause is applicable. Their causes of action accrued in October 1972 and April 1972 when appellees suffered serious job-related illnesses. Because of the savings clause, the time period which appellees had to file their actions was extended to December 31, 1975. They did not file until March 26, 1976, and their causes of action are therefore barred.
BOYD, J., concurs.
NOTES
[1] Western Knapp is not a party to this appeal.
[2] This Court neither embraces nor rejects any conclusion as to whether Rodriguez or Perez stated a cause of action. The sole issue before this Court is whether the statute of repose unconstitutionally bars their actions.
[3] It is interesting to note that the circuit court's orders granting summary judgment for Universal did not make reference to the particular statute of repose under consideration, but Universal in its motions to that court argued that the applicable statute of repose barring Perez's and Rodriguez's claims was § 95.031(2), Fla. Stat. (1975). That statute provides:

Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
Perez's and Rodriguez's brief to the circuit court mentioned §§ 95.031(2) and 95.11(3)(c). It is unclear from the record before this Court whether the parties presented their arguments to the district court based on § 95.11(3)(c), § 95.031(2), or both. The district court based its decision solely on § 95.11(3)(c) after finding that the "machinery which is alleged to have been the cause of appellants' injuries was purchased and installed as fixtures between 1952 and 1958." Perez, 413 So.2d at 76. This Court questions the applicability of § 95.11(3)(c) to the facts of this particular case, but as to the issue in this case the result would be the same under either § 95.11(3)(c) or § 95.031(2). In different factual situations, however, the result may vary as to actions under § 95.11(3)(c), because of ch. 80-322, Laws of Fla., which increased the repose period to 15 years.
[4] This Court based its decision in Overland on a finding that the legislature had not expressed an overpowering public necessity for the prohibitory provision, and an absence of less onerous alternatives. This Court notes that the legislature in response to Overland set forth the following preamble to the provision increasing the statute of repose period of § 95.11(3)(c) in ch. 80-322, Laws of Fla.:

WHEREAS, architects, engineers, and contractors of an improvement to real property may find themselves named as defendants in a damage suit many years after the improvement was completed and occupied, and
WHEREAS, to permit the bringing of such actions without any limitation as to time, places the defendant in an unreasonable, if not impossible, position with respect to asserting a defense, and
WHEREAS, architects, engineers, and contractors have no control over an owner whose neglect in maintaining an improvement may cause dangerous or unsafe conditions to develop over a period of years, an owner who uses an improvement for purposes for which it was not designed, or an owner who makes alterations or changes which, years afterward, may be determined to be unsafe or defective and which may appear to be a part of the original improvement, and
WHEREAS, the availability of professional liability insurance for the engineer, architect, and contractor is more difficult to obtain if they are exposed to potential liability for an indefinite period of time after an improvement to real property has been completed, and
WHEREAS, the best interest of the people of the state will be served by limiting the period of time an engineer, architect, or contractor may be exposed to potential liability after an improvement has been completed, and
WHEREAS, a need exists for the reenactment of the limitation on actions founded on the design, planning, or construction of an improvement to real property, which limitation was declared unconstitutional by the Florida Supreme Court in Overland Construction Company, Inc. v. Sirmons, 369 So.2d 572 (1979), NOW, THEREFORE, ... .
This Court expresses no opinion as to the effect of this language on Overland.