SHIVERS, Judge.
The Board of Trustees of Santa Fe Community College appeals the trial court’s entry of final summary judgment in favor of the defendants/appellees. Appellant contends, and we agree, that the trial court erroneously entered summary judgment in favor of defendants on the issue of whether the statute of limitations barred the appellant’s 1984 negligence action.
The facts in this case are as follows. Beginning in 1968, appellants entered into multiple contracts for the design and construction of 60 buildings on its Alachua County campus. Construction ran from 1970 through 1979, the first six buildings being occupied in 1972. During construction, several isolated leaks occurred in the underground waterpipe system of some of the buildings not involved in this appeal.[1] The appellant assumed these leaks to be *207 the result of normal workmanship problems accompanying any large construction project, and the leaks were repaired by the contractors. By the end of 1979, most of the construction had been completed and the contractors had left the campus. In November of 1979 a cluster of leaks occurred in buildings D, K, and L. Upon excavation of the leaks by college employees, the pipes were discovered to be corroded.
Early in 1980, Santa Fe Community College’s president, attorney, and director of planning and research met to discuss the problem, and decided to hire an expert to investigate the cause of the corrosion. On April 24, 1980, C.A. Morrison, a consulting engineer, met with Santa Fe’s officials and examined the corroded pipes and the soil surrounding the pipes. Although Morrison determined that the leaks had been caused by galvanic corrosion, and he noted that there appeared to be clay in the pipes, Morrison did not state an opinion as to the exact cause of the corrosion. On Morrison’s recommendation, the appellant retained a metallurgist, Dr. Robert Gould, to conduct a comprehensive survey to determine the cause of the corrosion problem and whether the problem was system-wide. Meanwhile, on May 16, 1980, a leak occurred in building G — the first to occur in any of the buildings involved in this appeal. After investigating the pipe, Morrison determined that it too was corroded. On March 25, 1981, Dr. Gould issued his report, concluding that the corrosion problems were caused by the use of clay as back-fill material in the pipe trenches, and stating that the entire underground pipe system was at risk of corrosion damage, including those buildings which had not yet leaked.
Appellant’s first complaint was filed in 1981, alleging that defendant’s negligence had caused the damage to buildings A, B, C, D, E, G, K, L, and M. In an amended complaint, buildings G and M were dropped and buildings H and J were added. In 1983, appellees moved for summary judgment as to buildings A through E, on the basis that the action was barred by the statute of limitations. The appellees argued that since it was undisputed that leaks had occurred more than four years prior to filing of the suit, appellant was on notice of corrosion in the piping system. The trial court granted defendants’ motion and entered final summary judgment in favor of the defendants. However, this court reversed in Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st DCA 1984), (Board of Trustees I), holding that although leaks had occurred as early as 1972, there was a disputed issue of fact as to whether the plaintiff had knowledge of any corrosion prior to 1977.
On May 11, 1984, appellant filed a separate suit as to all remaining buildings (F, G, I, M, P, R & Y), raising essentially the same allegations as in the 1981 action. Ap-pellees immediately filed motions for summary judgment, arguing that since the appellant had taken the position that the statute of limitations did not begin to run in the 1981 case until 1979, the 1984 case was automatically barred. The parties eventually entered into a settlement agreement regarding buildings M, P, R, and V, and in July of 1986 the trial court granted final summary judgment in favor of defendants as to buildings F, G, and I. In granting appellees’ motion, the trial court determined that since corrosion had been discovered as early as 1979, the plaintiff should have known that there was a corrosion problem in buildings F, G, and I, as well as the rest of the campus, more than four years prior to filing the 1984 suit. We disagree, and reverse.
As we stated in the appeal of the summary judgment entered in the 1981 case:
In order to succeed on a motion for summary judgment based upon the Statute of Limitations, the movants in the case at issue were required to conclusively show that there exists no disputed issue of fact with respect to the date of commencement of the limitations period, specifically, that the defect which forms the basis of the cause of action was discovered, or should have been discovered with exercise of due diligence, more than four *208 years before the suit was filed [i.e. prior to May 11, 1980].
461 So.2d at 243-44 (e.s.)
It is undisputed that no leaks occurred in any of the buildings involved in this appeal (F, G, or I) until May 16, 1980 — less than four years prior to filing the 1984 action. Therefore, in order to have properly entered summary judgment in favor of defendants, the undisputed facts must have supported a finding that the appellant by due diligence should have discovered the defect prior to May 11,1980. After reviewing the extensive record in this case, we cannot come to the conclusion that the facts were undisputed on this issue. In Board of Trustees I, we held that, although it was undisputed that leaks had occurred prior to August 1977, and that the plaintiff was aware of those leaks, there were disputed issues of fact regarding whether the college had discovered corroded pipes prior to that time. Similarly, in the instant case, although it is undisputed that the plaintiff had discovered corroded pipes in other buildings prior to May 11, 1980, the record does not indicate that there are no disputed issues of fact with respect to whether plaintiff was aware or should have been aware of corroded pipes in buildings F, G, or I prior to that date. To the contrary, the affidavits and depositions contained in the record indicate that the question of when the plaintiff first became aware of a potential campus-wide corrosion problem is very much in dispute. Accordingly, this issue should be resolved by the jury, and not by summary judgment. Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982).
The summary judgment entered in favor of defendants is hereby reversed, and this cause is remanded for further proceedings.
THOMPSON and NIMMONS, JJ., concur.

. Appellant’s 1984 suit originally involved buildings F, G, I, M, P, R, and V. The parties entered into a settlement agreement regarding buildings M, P, R, and V. Therefore, this appeal involves only buildings F, G, and I.