George Roman **DRESKE**,
Petitioner-Appellant,

v.

James D. **HOLT**, Sheriff, Martin County, Florida, Respondent-Appellee.

No. 75–3942

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1976.

---

4. *See Burns v. Richardson*, 1966, 384 U.S. 73, 86 S.Ct. 1286, 16 L.Ed.2d 376.

5. App. p. 28–29 (affidavit of Thomas J. Edwards).

Michael O. Bohren, Milwaukee, Wis., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Anthony C. Musto, Basil S. Diamond, Asst. Attys. Gen., West Palm Beach, Fla., for respondent-appellee.

### ON PETITION FOR REHEARING

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In an unpublished order we originally dismissed this appeal from a denial of habeas corpus relief upon the allegation that petitioner was a fugitive from justice. *Dreske v. Holt*, 530 F.2d 973 (5th Cir. 1976). It now appears that petitioner was not a fugitive, at least in the traditional sense. The petition for rehearing therefore is granted and the original order of dismissal is vacated. Reaching the merits of petitioner's appeal, we affirm the denial of habeas corpus relief.

Part of the confusion raised by this case, in regard to Dreske being a fugitive from justice, is petitioner's failure to comply with the district court's order for posting a bail bond in the sum of $5,000. The bond was set as a condition of the stay pending appeal of the district court's denial of relief, so that Dreske could remain free while the appeal was pending before this Court. Nothing in the record indicates the reason for noncompliance with the district court's bond requirements. Nevertheless, petitioner is currently free on a $5,000 state court supersedeas bond. Because of health reasons, Dreske's sentence had been deferred by the state court until July 1, 1976. Instead of remanding this case to the district court for determining why the order was not complied with, judicial economy, and the best interests of all parties, will be better served by this Court's disposition of the appeal on the merits.

Dreske, an out-of-state motorist, was stopped on the Florida Turnpike for speeding and driving without a valid license. He refused to accompany officers to the sheriff's department to post bond, a normal procedure for out-of-state motorists, and subsequently locked himself inside his car. A jury convicted Dreske of resisting arrest without violence. Fla.Stat. § 843.02. He was sentenced to 30 days in jail and fined $1,000. This conviction was affirmed on appeal. *Dreske v. State*, 301 So.2d 131 (4th D.C.A.Fla.1974), *cert. denied*, 314 So.2d 582 (Fla.1975).

Dreske levels several constitutional challenges to Florida Statute § 843.02 which he

was convicted of violating. The statute provides:

> Whoever shall obstruct or oppose any such officer, beverage enforcement agent, any member of the Florida parole and probation commission or any administrative aide or supervisor employed by said commission or any personnel or representative of the department of law enforcement or legal authorized person, in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.

Dreske also argues denial of due process by the prosecutor's prejudicial closing arguments at the state trial, and by the state's amending the information one day prior to trial.

We agree with the district court that Fla.Stat. § 843.02 is not facially unconstitutional. Under the principles enunciated by the Supreme Court, the statute provides a person of ordinary intelligence with fair notice of the prohibited conduct. *See, e. g., Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). There is no merit in petitioner's claim that his resisting arrest was constitutionally protected activity. *See Colten v. Kentucky, supra.* Neither is there any substance to the argument that the statute is unconstitutional as applied to the facts of petitioner's case. The record contains ample evidence of petitioner's resisting arrest and his refusal to accompany the officers in the performance of their legal duties. There is no sufficiency of the evidence problem rising to constitutional proportions for habeas corpus relief. *Young v. Alabama,* 443 F.2d 854, 855 (5th Cir. 1971), *cert. denied,* 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972); *Pleas v. Wainwright,* 441 F.2d 56, 57 (5th Cir. 1971).

Petitioner argues constitutional error in the prosecutor's closing remarks. No objection was made to these comments. We find no error of constitutional proportions. *See Higgins v. Wainwright,* 424 F.2d 177, 178 (5th Cir.), *cert. denied,* 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970).

Petitioner's final argument is that amending the information one day prior to trial denied him a fair trial. The amendment added the name of a second officer involved with the arrest. Dreske made no attempt for a continuance. We affirm the district court's finding that petitioner was not prejudiced or surprised by any matters contained in the amended information. *See United States v. Blanchard,* 495 F.2d 1329, 1332–1333 (1st Cir. 1974); *cf. United States v. Miller,* 491 F.2d 638, 644 (5th Cir.), *cert. denied,* 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186 (1974).

AFFIRMED.