471 So.2d 603 (1985)
Toinette DURRING and Regina Everett, Appellants,
v.
REYNOLDS, SMITH & HILLS, Appellee.
No. AX-334.
District Court of Appeal of Florida, First District.
June 18, 1985.
*605 Harold E. Regan and Joe W. Fixel, of Hartsfield & Fixel, Tallahassee, for appellants.
William L. Hyde and Thomas J. Guilday, of Akerman, Senterfitt & Eidson, Tallahassee, for appellee.
Richard A. Kupfer, of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for Academy of Florida Trial Lawyers, amicus curiae.
ZEHMER, Judge.
Appellants, Toinette Durring and Regina Everett, plaintiffs below, appeal a summary judgment entered in favor of defendant, Reynolds, Smith & Hills. The tri al court determined that section 95.11(3)(c), Florida Statutes (1980 Supp.), which provides a fifteen-year statute of repose for actions against architects and engineers for negligent design, barred their personal injury action based on a claim that Reynolds, Smith & Hills had negligently designed an interstate highway and bridge on which they were injured. Appellants contend this statute should not be applied retroactively to bar their cause of action and that to do so unconstitutionally deprives them of their right of access to the courts guaranteed by Article I, section 21, Florida Constitution.[1] We reverse.
In 1958 defendant, Reynolds, Smith & Hills, completed the design of an interstate highway and bridge for the Florida Department of Transportation. Construction of the road and bridge was completed in 1962. On April 18, 1979, more than fifteen years later, plaintiffs were injured in an automobile accident on the interstate highway and bridge. They filed suit against Reynolds, Smith & Hills on April 13, 1983, less than four years after the accident.
In March 1979, one month prior to plaintiffs' accident, the Florida Supreme Court declared section 95.11(3)(c), Florida Statutes (1975), unconstitutional as violating Article I, Section 21, Florida Constitution, insofar as it "provides an absolute bar to lawsuits brought more than twelve years after events connected with the construction of improvements to real property." Overland Construction Co. v. Sirmons, 369 So.2d 572, 575 (Fla. 1979). Since plaintiffs' automobile accident had occurred more than twelve years after completion of the alleged design and construction of the highway, the only statute of limitation applicable to their cause of action required that suit must be commenced within four years. § 95.11(3), Fla. Stat. (1977). See Pullum v. Cincinnati, Inc., 458 So.2d 1136 (Fla. 1st DCA 1984). Accordingly, plaintiffs had until April 18, 1983, in which to file.
In response to the Supreme Court decision in Overland, the legislature enacted chapter 80-322, Laws of Florida (1980), which became effective July 3, 1980. The bill, as passed, contained a preamble which recited various grounds purporting to justify the reenactment of the limitation on actions declared unconstitutional in Overland.[2] The statute imposed a four-year *606 limitation on actions "founded on the design, planning, or construction of an improvement to real property," and further provided:
In any event the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is later.
Chapter 80-322 contained no savings clause to preserve existing causes of action, unlike the predecessor statute enacted in 1974. § 36, ch. 74-383, Laws of Florida (1974).[3]
The trial court entered summary judgment on two grounds. First, the court reasoned that "each Plaintiff had from the date of the accident, April 18, 1979, until July 2, 1980 [in which] to file their action [although] they failed to do so ... each plaintiff was afforded a reasonable time to act prior to having her cause of action barred," citing Bauld v. J.A. Construction Co., 357 So.2d 401 (Fla. 1978); Cates v. Graham, 427 So.2d 290 (Fla. 3d DCA 1983) (R. 195). The trial court apparently reasoned that the application of the new statute did not abolish plaintiffs' cause of action, but merely shortened the time within which it should have been brought. Secondly, the trial court determined that the "legislature has expressed an overpowering public necessity in its reenactment of section 95.11(3)(c), Florida Statutes (1980), chapter 80-322, Laws of Florida, and that there is no alternative means for meeting the public necessity expressed by the legislature" (R. 195).
On appeal plaintiffs take three basic positions. First, they contend that chapter 80-322 should not be applied retroactively to their cause of action and that regular four-year statute of limitation is applicable to their claim. Second, they contend the absence of a savings clause similar to that in chapter 74-382 renders the application of the new statute to their cause of action unconstitutional. Third, they argue that the recitals by the legislature in the preamble to chapter 80-322 are insufficient to demonstrate an overpowering public necessity for the abolishment of their causes of action and that the legislature has not shown that no alternative method of meeting such public necessity exists.
Appellee responds that chapter 80-322 was enacted to overcome the Supreme Court's Overland decision by curing the constitutional infirmities discussed in that opinion. Appellee argues that the facts recited in the preamble demonstrate the requisite public necessity for abolishing plaintiffs' causes of action and that the statute, perforce, must be applied retroactively because it is a statute of repose.
It is axiomatic that where a statute is fairly susceptible of two interpretations, one of which would render the statute unconstitutional, the courts should avoid the unconstitutional interpretation and adopt a construction that leaves the statute valid; "it is elementary that a statute is clothed with a presumption of constitutional validity, and if fairly possible a statute should be construed to avoid not only an unconstitutional interpretation, but also one which even casts grave doubts *607 upon the statute's validity. E.g., Spencer v. Hunt, 109 Fla. 248, 147 So. 282 (1933)." State ex rel Shevin v. Metz Construction Co., Inc., 285 So.2d 598, 600 (Fla. 1973). Retroactive application of section 93.11(3)(c) to the plaintiffs' cause of action, which occurred and became fully vested prior to the enactment of chapter 80-322, poses serious constitutional questions because the new statute lacks a savings clause to preserve existing causes of action. Overland Construction Co. v. Sirmons, 369 So.2d 572. Cf. Bauld v. J.A. Jones Construction Co., 357 So.2d 401, 403, where the Supreme Court stated the rule thusly:
There is no vested right in a litigant to the benefit of the statute of limitations in effect when his cause of action accrues. This Court has said that:
`[W]here mere inchoate rights are concerned, depending for their existence on the law itself, they are subject to be abridged or modified by law, and .. . statutes of this character apply to such rights existing at the time of their passage, provided a reasonable time is given after the passage of the act, and before it would operate as a bar, for the party to exercise the right.' (Emphasis added.)
See also Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984); City of Miami v. St. Joe Paper Co., 364 So.2d 439 (Fla. 1978).
Even though plaintiffs had some fourteen months between the date of the accident and the effective date of chapter 80-322, that time period does not obviate the constitutional problems presented by the failure to include a savings clause in chapter 80-322, because "the citizens of this State cannot be charged reasonably with notice of the consequences of impending legislation before the effective date of that legislation, for it is generally accepted that a statute speaks from the time it goes into effect." Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077, 1080 (Fla. 1978).[4]
We do not, however, decide either constitutional question presented[5] because we are convinced that chapter 80-322 must be construed to have only prospective effect and apply only to causes of action which occur or accrue after its effective date of July 3, 1980. It is well established that a new statute of limitations which shortens the period for filing a cause of action is presumed not to apply retroactively to causes of action which have already accrued unless there is a clear expression of legislative intent to give the new statute retroactive effect. E.g., Foley v. Morris, 339 So.2d 215 (Fla. 1976); Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979).[6] Similarly, statutes of repose like the one involved in this case are presumed not to be retroactive absent a clear expression of legislative intent to the contrary. Dade County v. Ferro, 384 So.2d 1283 (Fla. 1980).[7] In Foley v. *608 Morris, 339 So.2d 215, the court stated the rule to be applied in determining this question as follows:
Generally referring to the conceded authority of the Legislature to pass a statute of limitations or to change a period previously established by law and to make the changes applicable to existing causes of action so long as a reasonable time is permitted by the new law for commencing an action before the action is barred, we approve the following language from American Jurisprudence:
`Where the Legislature has not sufficiently manifested its intent whether a statute of limitations should apply retroactively or should apply prospectively only, the question is passed on to the courts to determine, as a matter of construction, in which of these ways the statute should apply. In most jurisdictions, in the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against intent on the part of the Legislature to make such a statute retroactive. Thus, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations will not be affected by it, but will be governed by the original statute unless a contrary intention is expressed by the Legislature in the new law.'
339 So.2d at 217.
Applying these principles to the instant case, we must presume that when the legislature passed chapter 80-322 it was aware of the longstanding rule that statutes are presumed to be prospective in the absence of express intent to the contrary. We must also presume that the legislature was aware of the constitutional prohibition against making such statutes retroactive as to claims already existing, without providing a reasonable time after enactment for enforcing or protecting such claims when it did not provide a savings clause as it had done when enacting the predecessor statute, chapter 74-382. We find nothing in the lengthy preamble to chapter 80-322 or the statutory language which amounts to an express, clear or manifest intent to make the new statute retroactive to causes of action in existence on the effective date of the statute. Accordingly, section 95.11(3)(c), as enacted by chapter 80-322, does not apply to bar the plaintiffs' cause of action.
The summary judgment for defendants is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
ERVIN, C.J., and WENTWORTH, J., concur.
NOTES
[1] Section 21, Article I, states:

Access to courts.  The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay.
[2] The preamble states:

WHEREAS, architects, engineers, and contractors of an improvement to real property may find themselves named as defendants in a damage suit many years after the improvement was completed and occupied, and
WHEREAS, to permit the bringing of such actions without any limitation as to time, places the defendant in an unreasonable, if not impossible, position with respect to asserting a defense, and
WHEREAS, architects, engineers, and contractors have no control over an owner whose neglect in maintaining an improvement may cause dangerous or unsafe conditions to develop over a period of years, an owner who uses an improvement for purposes for which it was not designed, or an owner who makes alterations or changes which, years afterward, may be determined to be unsafe or defective and which may appear to be a part of the original improvement, and
WHEREAS, the availability of professional liability insurance for the engineer, architect, and contractor is more difficult to obtain if they are exposed to potential liability after an improvement has been completed, and
WHEREAS, a need exists for the reenactment of the limitation on actions founded on the design, planning, or construction of an improvement to real property, which limitation was declared unconstitutional by the Florida Supreme Court in Overland Construction Company, Inc. v. Sirmons, 369 So.2d 572 (1979, NOW, THEREFORE... .
[3] Section 36, later codified in Florida Statutes as section 95.022, provided:

This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced by that date, the action shall be barred.
[4] See also Parrish v. Mullis, 458 So.2d 401, 402 (Fla. 1st DCA 1984), holding that section 768.56, Florida Statutes (1983), was not retroactive and did not bar plaintiff's claim because "it would be manifestly unfair to argue that plaintiff would have filed her lawsuit earlier to avoid operation of the statute, when, in February of 1980, she was totally unaware of the statute; it did not exist."

If the fifteen-year statute of repose had already been in existence at the time of plaintiffs' accident and there was still fourteen months left for plaintiffs to sue under the statute, and plaintiffs were charged with notice of this because it was already the law, then admittedly this would be a reasonable time to sue and would not be unconstitutional. E.g., Cates v. Graham, 451 So.2d 475 (Fla. 1984).
[5] We venture no opinion on the effect of the language in the preamble to chapter 80-322 on the constitutionality of section 93.11(3)(c), Florida Statutes (1980 Supp.), in light of the Overland decision.
[6] Even when a new statute enlarges the limitations for a cause of action, it is still presumed not to apply retroactively to an action already accrued unless the legislature has clearly evinced such an intent. Homemakers, Inc. v. Gonzalez, 400 So.2d 965 (Fla. 1981).
[7] Since the plaintiffs' cause of action accrued at the same time the accident occurred, we are not concerned with any significant difference in those terms, as was the court in Dade County v. Ferro.