RYDER, Acting Chief Judge.
The state seeks a reversal of an order entered by a Manatee County Court judge holding section 316.2398(l)(b), (l)(g) and (5), Florida Statutes (1983), unconstitutional. This timely appeal comes to us pursuant to *287 section 26.012, Florida Statutes (1985), thus we have jurisdiction.
It appears from the record herein that one Paul Franklin Deese, Jr. is a member of the Samoset Fire Control District. It is not clear from the record, however, whether the Samoset District is organized under chapter 633, Florida Statutes, or is a volunteer firefighting company. This matters not to our analysis because that is a question of fact and we are concerned solely with the constitutionality of section 316.-2398, Florida Statutes (1983).
Deese owns a pickup truck on which he has installed red flashing emergency lights on the front of the vehicle, on the dashboard, and on the top of the truck’s cab. Deese was operating the lights in allegedly responding to an emergency call when he was stopped by an officer of the Manatee County Sheriffs Department. As Deese could not produce the required written permit for the use of the lights, the officer charged Deese with improper use or display of flashing red lights on his vehicle without a written permit in violation of section 316.2398, Florida Statutes (1983). At trial, Deese moved to dismiss the charge against him on the ground that the statute was unconstitutionally vague. The court granted the motion and ruled section 316.-2398(l)(b), (l)(g), and (5), Florida Statutes (1983), unconstitutional. We reverse.
We begin our analysis with well-settled principles of law, well stated 130 years ago:
[E]very enlightened court will be admonished ... of how delicate a character is the duty imposed upon it when called to decide upon the constitutionality of an act of the. Legislature. While it is an essential element in the character of an independent judiciary firmly to maintain and resolutely to exercise its appropriate powers when properly invoked, it is equally its duty to be careful not rashly and inconsiderately to trench upon or invade the precincts of the other departments of the government.
That the judicial department is the proper power in the government to determine whether a statute be or be not constitutional will not, at this day, be questioned. That matter, though once mooted by no less a man than Thomas Jefferson, was put finally to test by the decision in the case of Marbury v. Madison, wherein C.J. Marshall gave it the sanction of his great name. But it is a most grave and important power, not to be exercised lightly or rashly, nor in any case where it cannot be made to appear plainly that the Legislature has exceeded its powers. If there exist upon the mind of the court a reasonable doubt, that doubt must be given in favor of the law.
Cotten v. County Commissioners of Leon County, 6 Fla. 610, 613 (Fla.1856). A presumption of constitutionality is inherent in any statutory analysis. Gardner v. Johnson, 451 So.2d 477, 479 (Fla.1984); Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879, 881 (Fla.1983); Trushin v. State, 475 So.2d 1290, 1292 (Fla. 3d DCA 1985), review denied, 486 So.2d 598 (Fla.1986); State v. Wilson, 464 So.2d 667, 668 (Fla. 2d DCA 1985); Husk v. State, 453 So.2d 153, 155 (Fla. 1st DCA 1984). Legislative enactments should be sustained when possible. State v. Williams, 343 So.2d 35, 37 (Fla.1977); North Port Bank v. State Department of Revenue, 313 So.2d 683, 687 (Fla.1975); State v. Aiuppa, 298 So.2d 391, 396 (Fla.1974); Hospital Board of Directors of Lee County v. McCray, 456 So.2d 936, 938 (Fla. 2d DCA 1984). Even if the statute is susceptible to more than one interpretation, courts must adopt the constitutional construction. VanBibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880, 883 (Fla.1983); Sanford-Orlando Kennel Club, Inc., 434 So.2d at 881; State v. Lick, 390 So.2d 52, 53 (Fla.1980); Durring v. Reynolds, Smith & Hills, 471 So.2d 603, 606 (Fla. 1st DCA 1985).
A statute violates due process and is void for vagueness if it fails either part of a two-part due process analysis.[1] First, *288 it cannot be so vague that men of common intelligence must necessarily guess at its meaning. State v. Hagan, 387 So.2d 943, 945 (Fla.1980). Alternatively stated, it may not be so vague that it fails to give adequate notice of what conduct is prohibited. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla.1984). This does not mean that every statutory term must be defined by the legislature: “In the absence of a statutory definition, resort may be had to case law or related statutory definition, resort may be had to case law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense.” Hagan at 945. Second, the statute cannot be so vague as to invite arbitrary and discriminatory enforcement. McKenney v. State, 388 So.2d 1232, 1234 (Fla.1980). In applying the two-part due process analysis, we hold that section 316.-2398 is constitutional.
We now analyze the statute, applying the aforementioned standards. Section 316.2397, Florida Statutes (1983), (the section immediately preceding the section challenged as unconstitutional) is a general prohibition against the use of red emergency lights. Section 316.2398 is an exception to the prohibition against the use of red lights. Paragraph (1) of section 316.2398 states the general exception. The last sentence of paragraph (1) states that the general exception is “subject to the following restrictions and conditions:”, then seven restrictions and/or conditions (paragraph a-g) are listed. Paragraph (1) describes the visibility of the lights, not the placement of the lights. Paragraph (b) describes the placement of the lights: “on each end of the vehicle.” In defining the phrase in its plain and ordinary sense, any person of common intelligence must certainly realize that the end of the vehicle does not include the dashboard or the roof of the vehicle. In fact, Deese acknowledged, in his testimony, his knowledge of the placement requirements of the statute when he stated he was unable to affix the lights to the rear of his vehicle. The statute clearly and plainly permits in this situation the placing of these types of lights only at each end of a vehicle. Expressio unius est exclusio alterius. Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674, 676 (Fla.1985).
The phrase “active fireman member of a regularly organized volunteer firefighting company or association” used in paragraph (1) is undefined in the statute. Therefore, we give the phrase its plain and ordinary meaning. Hagan. The phrase clearly refers to anyone who is an active member of a volunteer firefighter’s organization: paid or unpaid. The only members of a volunteer firefighter’s organization not covered by this phrase are those that are “retired” or “inactive,” i.e., not active. Paragraph (1) does not conflict with paragraph (g) because paragraph (g) requires only volunteer firemen (not paid firemen) of a volunteer firefighter’s association to carry a permit for the use of red lights.
Deese also challenged the constitutionality of this statute by alleging that the term “vehicle” used in paragraph (g) is not consistent with the term “privately owned vehicle” used in paragraph (1). A reading of the statute indicates that this argument is no more than taking the term “vehicle” out of context. In context, the term in paragraph (g) is “vehicle owned by him” and easily equates to the term “privately owned vehicle” in paragraph (1).
Deese asserts, and the record reflects, that his privately owned vehicle is designated by the Samoset Fire Control District as an emergency vehicle. The attorney general has consistently interpreted the state uniform traffic control laws as *289 not allowing a privately owned vehicle to be lawfully designated as “an authorized emergency vehicle.” See Atty.Gen.Ops. 076-231 (Nov. 30, 1976); 072-366 (Oct. 20, 1972); and 057-288 (Sept. 17, 1957).
The final point in our analysis of the constitutionality of the statute is that the term “chief executive officers of the firefighting organization” is left undefined by the statute. {See paragraph (l)(g) and (5)). Volunteer firefighting companies or associations are local groups organized differently in different localities. The title given to the head or heads of such organizations differs accordingly. The statute was drafted broadly enough to include all of the possible titles, but still narrowly enough to enable one to determine who that chief executive officer is.
We reverse the trial court’s order declaring section 316.2398(l)(b), (l)(g) and (5), Florida Statutes (1983), unconstitutional. We remand this matter to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL and LEHAN, JJ., concur.

. The i/zree-fold analysis referred to in McKen-ney v. State, 388 So.2d 1232, 1233 (Fla.1980) is *288 used when the issue includes a first amendment overbreadth challenge. Although Deese includes the word "overbroad” conjunctively in his motion to dismiss, neither party addressed a first amendment issue. Therefore, we limit our discussion to the two-part due process (vagueness) analysis.