COWART, Judge.
This case involves the application of section 95.11(3)(c), Florida Statutes (1979), a statute of repose which was held unconstitutional in 1979, to a cause of action accruing in 1980.
In 1958, the State of Florida accepted a road constructed by a road contractor. On April 11, 1980, appellant Paige was injured in an accident on that road. In 1983, appellant filed an action against the road contractor and the State Department of Transportation alleging that the negligent design and construction of the road caused his accident and injury. The trial court entered summary judgment for the road contractor on the ground that appellant’s action was barred by section 95.11(3)(c), Florida Statutes (1979), which provides that actions founded on the design, planning, or construction of an improvement to real property must be commenced within twelve years after the date of actual possession by the owner.
The 1979 version of this statute is substantially identical to the 1975 version, which the Florida Supreme Court in Overland Construction Company, Inc. v. Simmons, 369 So.2d 572 (Fla.1979) held to violate the constitutional guarantee of access to courts for the redress of any injury. In Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980) the supreme court relied on Overland, in holding unconstitutional section 95.031(2), Florida Statutes, a statute of repose on products liability actions. However, five years later in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), the supreme court receded from Battilla and held section 95.031(2) to be constitutional. The trial court in this case agreed with the road contractor’s argument that Pullum also receded from Overland and effectively reestablished section 95.11(3)(c), Florida Statutes (1979), as a val *98 id and constitutional statute ab initio; therefore the statute was valid and applicable to bar appellant’s cause of action that accrued in 1980. We do not agree.
If the supreme court had meant to recede from Overland in Pullum it could have easily said so. It did not. Further, Pullum considered only the statute of repose on products liability actions (section 95.031(2), Florida Statutes) and not the statute of repose as to improvement of real property (section 95.11(3)(c), Florida Statutes), the subject matter of Overland. Furthermore, the Pullum court, in receding from Battilla, relied in part on Justice McDonald’s dissent in Battilla in which he reasoned that Overland should be limited to actions for improvement of real property, and not extended to actions against product manufacturers, because of substantial and material distinctions between those two classes of actions. Accordingly, we hold that Pullum did not expressly or by necessary implication overrule Overland and, therefore, section 95.-ll(3)(c), Florida Statutes, was, under Overland, unconstitutional and invalid in 1980 when appellant was injured and that statute could not have barred appellant’s cause of action against the road contractor in this case.
In 1980, by a bill containing a comprehensive preamble, the legislature reenacted section 95.11(3)(c), Florida Statutes. This event presents a couple of interesting legal questions in this case: in view of the legal reasoning in Overland which involved legislative intent, is the reenacted statute constitutional by virtue of certain of self-sustaining statements in its preamble? The Second District Court of Appeal answered this question in the affirmative in American Liberty Insurance Co. v. West and Conyers, Architects and Engineers, 491 So.2d 573 (Fla. 2d DCA 1986). Does the new statute, effective July 3, 1980, apply retroactively to bar appellant’s cause of action which accrued April 11, 1980? The First District Court has effectively answered this question in the negative in Durring v. Reynolds, Smith & Hills, 471 So.2d 603 (Fla. 1st DCA 1985). Bypassing the question of constitutionality of the 1980 reenactment of section 95.11(3)(c), we agree with Durring and hold that even if constitutional, the 1980 statute does not apply retroactively to bar appellant’s cause of action.
We hold that Pullum does not expressly or impliedly overrule Overland, and that the 1980 reenactment of section 95.11(3)(c), Florida Statutes, does not apply retroactively to bar appellant’s cause of action in this case. The summary judgment in favor of the road contractor is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and COBB, JJ„ concur.