# IN RE: CORDERO
## Case No. 88-77-MHA
Second Judicial Circuit, Gadsden County

March 18, 1988

## APPEARANCES OF COUNSEL

**Dennis X. Crowley,** Hospital Legal Counsel, for Florida State Hospital.

**Carol Ann Turner** and **Catherine Bedell,** Assistant Public Defenders, for Cordero.

## OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

Pena Belarmino Cordero (Cordero) seeks dismissal of the Florida State Hospital's (FSH) Amended Petition for Treatment Order, challenging the constitutionality of Florida Statute § 945.28(2)(b).

The issue to be determined is whether this statute, on its face, violates the fundamental due process and equal protection rights of Cordero as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

Cordero, an inmate of the Department of Corrections (DOC), was admitted to Correction Mental Health Institution (CMHI) pursuant to Florida Statute § 945.41. Inmates at CMHI receive mental health treatment from the staff of the Florida State Hospital. The hospital's attending physician has diagnosed Cordero's mental illness (Axis I) as Schizophrenia, Paranoid Type, Chronic and seeks to administer the psychotropic medication Haldol, which Cordero has refused. FSH filed a petition seeking an order for this treatment and scheduled a hearing before this Court. The hearing has been continued pending resolution of this motion.

Cordero contends that the treatment statute [945.48(2)(b)] contains no procedure for a hearing, notice, appointment of counsel, issues to be determined, or standard of proof. The statute provides that the hospital administrator "shall petition the court for an order authorizing the treatment of the inmate." Cordero argues that this provision is devoid of due process and that under a plain reading of the statute, the administrator could telephone the judge, ask (petition) for authorization for treatment, and receive oral authorization (order) for such treatment. He further asserts that he is in a class of mental health patients who are not afforded the same protection and due process provided to civilly committed patients under Chapter 394, Florida Statutes or forensic patients committed pursuant to Chapter 916, Florida Statutes.

FSH responds by challenging Cordero's standing since he has been afforded notice, counsel and a right to a hearing at which the criteria in Florida Statute § 916.107(3)(a)3 is considered. The hospital further argues that Chapter 945.40 *et seq.* does not provide an irrationally based classification; that the Rules of Civil Procedure provide any measure of due process that may be lacking in the statute itself; and that this Court may imply substantive due process from the statute.

In this case, Cordero is receiving the full panoply of due process rights which have been mandated by previous constitutional interpretations. He and all CMHI inmates are being afforded the same notice, counsel, hearing and statutory criteria as afforded to forensic patients under Chapter 916, Florida Statutes. As Cordero argues, however, these rights are afforded solely through the good graces of FSH. Its legal counsel has chosen to follow the procedure and criteria outlined in Chapter 916 in handling CMHI treatment cases, since no procedure and criteria are extant in Florida Statute § 945.28(2)(b).

It is axiomatic that where a statute is *fairly susceptible* of two interpretations — one which renders it constitutional and the other

72

unconstitutional — a court should opt for the construction upholding its validity. *State ex rel Shevin v. Metz Construction Company,* 285 So.2d 598 (Fla. 1973); *Durring v. Reynolds, Smith & Hills,* 471 So.2d 603 (1st DCA 1985). Further, courts must presume that the Legislature intended to promulgate a constitutional law and all laws are clothed with the presumption of constitutional validity. However, no reasonable reading or construction of this statute provides an interpretation which may be fairly susceptible to constitutional validity.

In contrast to the provision for a "petition" and an "order" in Florida Statute § 945.48(2)(b), Florida Statute § 916.107 explicitly details the procedure, criteria and standard of proof to be used in obtaining treatment orders for forensic patients who refuse treatment. Apparently, the lack of a parallel procedural provision is the result of legislative oversight. Certainly it cannot be inferred that the Legislature intended to treat the CMHI patient/inmates any differently than the forensic patient/inmates, who are receiving generally the same treatment and care from the same physicians and staff.

FSH asserts that this Court may imply a "Chapter 916 type" procedure from Florida Statute § 945.48(2)(b) in much the same manner as it has administratively adopted the Chapter 916 procedures for its Chapter 945 patients. While such a maneuver provides an attractive practical solution to this problem, such a solution itself offends the constitutional doctrine of separation of powers. Neither this nor any other Court may legislate or rewrite legislation to make it pass constitutional muster. That is strictly within the legislative domain.

A judicial interpretation which basically amends this statute by engrafting the forensic patient procedure and criteria to CMHI patient cases amounts to an unconstitutional exercise of judicial power.

It would also be convenient to adopt FSH's contention that the general applicability provision (Rule 1.010) of the Florida Rules of Civil Procedure supplants the necessary quantam of due process which is absent. Arguably, such an application could furnish the notice and hearing procedures which are lacking; however, the matters of entitlement to counsel and the criteria to be considered are substantive matters[1] which the Rules of Civil Procedure could never supply by any reasonable construction or reading. Applying the civil rules in their broadest sense to this statute cannot repair its constitutional infirmity.

This Court likewise rejects the argument that *In Re: Beverly* (cited

---

[1] *In Re: Beverly,* 342 So.2d 481 (Fla. 1977) teaches that the standard of proof is clear and convincing evidence, in matters involving fundamental liberties.

below) provides authority to uphold the constitutionality of this provision. Although the Supreme Court determined that a clear and convincing evidence standard of proof was applicable in the Chapter 394 proceedings for involuntary hospitalization, the statute contained *all* the necessary requisites of due process including the criteria to be applied.[2] *In Re: Beverly* is easily distinguishable from the instant case.

Finally, this Court declines to decide the equal protection/rational classification issue as it has become moot in view of the resolution of the due process issue.

Regardless of the constitutional invalidity of this statutory provision, this Court is acutely aware that the lack of pharmacological treatment could result in a dangerous deterioration of the CMHI patient's mental and medical conditions with the possibility of long lasting, deleterious effects. Further, all CMHI patients, including Mr. Cordero, are currently being afforded a complete measure of due process by virtue of the hospital's establishment of notice and hearing procedures which mirror those set forth in Chapter 916. In order go safeguard the health and welfare of Mr. Cordero and all other CMHI patients similarly situated, this Court will stay this order *sua sponte* to allow the parties to seek appellate review of this decision. This Court would also urge that the Florida State Hospital, through the Department of Health and Rehabilitative Services or the Department of Corrections, bring this matter to the attention of the Florida Legislature during its forthcoming session.

Accordingly, it is

ORDERED AND ADJUDGED that Florida Statute § 945.48(2)(b) is facially unconstitutional as violative of the due process clause contained in the Fifth and Fourteenth Amendments to the United States Constitution. It is further

ORDERED AND ADJUDGED that this Order is stayed pending completion of review by the appropriate appellate tribunal.

DONE AND ORDERED in Chambers at Quincy, Gadsden County, Florida, this 18th day of March, 1988.

---

[2] It was not argued by FSH, but the Court takes cognizance of the requirements relating to obtaining informed consent for voluntary treatment which are contained in Florida Statute § 945.48(2). The application of these criteria is not sufficient to satisfy the due process principles. Compare the criteria of Florida Statute § 916.107(3)(a)3.