## VALDEZ v STATE OF FLORIDA, COUNTY OF DADE

### Case No. 87-153 AC (County Court Case No. 86-82288)

Eleventh Judicial Circuit, Appellate Division, Dade County

July 22, 1988

### APPEARANCES OF COUNSEL

**William Thomase** and **Hal Kessler** for appellant.

**Robert A. Butterworth,** Attorney General, and **Nancy C. Wear,** Assistant Attorney General for appellee.

Before TENDRICH, FULLER, ROBINSON, JJ.

### OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

The Defendant appeals his conviction of obstructing an officer without violence, a violation of Florida Statute 843.02 (Resisting an Officer without violence).

The defendant walked into a vacant house that was being set up as a police "reverse drug sting" operation. After being questioned about his presence he was told to leave the premises and not to reappear. As the

defendant walked out, followed by an officer, he told two approaching males that "Ro ro is back there". Upon hearing this, the two males turned and left the area. As a result of this statement and its effect on the two males, the Court, in a bench trial, found the defendant guilty of interfering with the police's execution of a legal duty to sell narcotics for the purpose of making possessory arrests.

The issue is two-fold, whether the defendant's comment obstructed the police in the execution of a legal duty as defined by the statute and whether the arrest was a violation of the defendant's constitutional guarantee to freedom of speech.

An arrest under the statute requires two elements to be satisfied, namely, the officer must be engaged in the performance of a legal duty and a defendant must knowingly and willfully obstruct or oppose an officer in the lawful execution of that legal duty. *Lee v. State,* 368 So.2d 395 (Fla. 3d DCA 1979); *Jacobson v. State,* 476 So.2d 1282 (Fla. 1985). In the instant case, it is fairly clear that a police "sting" operation was being set up. However, as the defendant contends, there is uncertainty as to whether or not the arresting officer was prevented from engaging in the performance of that legal duty. Although the lower court found that the defendant's comment was a direct cause of the other individuals' *correct* departure, the record does not demonstrate the purpose of their presence. There was nothing but bare suspicion that the two would purchase any narcotics.

The constitutionality of the statute has already been determined in *Dreske v. Holt,* 536 F.2d 105 (5th Cir. 1976). But under these circumstances, was the defendant's statement constitutionally protected? The major case, *Chaplinsky v. State of New Hampshire,* 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942) holds, "There are well defined and narrowly limited classes of speech, the prevention and punishment of which does not raise any constitutional problem, including the lewd and obscene, the profane, the libelous, and the insulting or fighting words which by their very utterance inflict injury or tend to incite an immediate breach of the peace." 315 U.S. at 572. The limits of constitutionally protected free speech were further addressed in *White v. State,* 330 So.2d 3 (Fla. 1976). The Florida Supreme Court held that "In determining the narrow line between constitutionally protected speech and that which is unprotected, it is imperative to consider the circumstances in which the words were uttered." 330 So.2d at 5. The protection fails only when "by manner of their use the words invade the rights of others to pursue their lawful activities or by their very utterance, they inflict injury or tend to incite an immediate breach of the peace." 330 So.2d at 7.

The requisite elements necessary to remove a protection of speech did not exist under this case's facts. The interference of the police's rights to arrest the two men, who at the time had committed no crime nor were suspected of having committed any crime up to that point, is speculation. We conclude that a speculation is insufficient evidence to prove beyond a reasonable doubt the constitutionally necessary element of immediate interference with a legal duty.

The judgment of the County Court is reversed with direction to discharge the defendant.

TENDRICH and FULLER, JJ., concur.