## PAIGE v STATE OF FLORIDA

### Case No. 87-68-AP

Fourth Judicial Circuit, Duval County

November 29, 1988

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Lee C. Libby,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT L. COWLES, Circuit Judge.

John Nathaniel Paige appeals from a jury verdict finding him guilty of Attempted Resisting Arrest Without Violence as prohibited by F.S. § 843.02. The jury reached its verdict on December 3, 1987. After the trial, the Court denied the defense's Motion for New Trial and sentenced Paige to one day in the County Jail of Duval County and

gave him credit for one day's time served. Paige filed his appeal on December 18, 1987.

The main challenge of Paige's conviction in this case for Attempted Resisting Arrest Without Violence questions the constitutionality of F.S. § 843.02 (1985). The statutes provides, in pertinent part, that:

Whoever shall obstruct or oppose any such officer . . . in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.

Paige argues that the statute is unconstitutionally overbroad. He argues that F.S. § 843.02 prohibits a substantial amount of constitutionally protected conduct, in that it infringes upon his First Amendment right to free speech on its face. He argues this, despite conceding the fact that the activity that he was involved in at the time of the charge, which was essentially struggling with Trooper John Franklin Sheppard, Jr., while being placed into the Florida Highway Patrol vehicle, is within the purview of the statute. In other words, Paige's contention is that the scope of the statute includes constitutionally protected verbal challenges to the arrest, even though we are not talking in this case about verbally protected constitutional rights. Cited by Paige in support of his argument is the case of *Houston v Hill*, 482 U.S., 107 S.Ct. 2502 , 96 L.Ed.2d 3981 (1987). By comparison, the Ordinance in the *Houston* case states:

"§ 34-11. Assaulting or interfering with policemen. (a) It shall be unlawful for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest."

The State claims that F.S. § 843.02 is constitutional, relying upon the decision of *Dreske v Holt*, 536 F.2d 105 (1976), which ruled on the constitutionality of the subject statute. The State points out that the *Hill* decision does not apply in this situation. The State argues that F.S. § 843.02 does not focus solely on verbal action, as does the *Hill* case involving Houston's Ordinance. The State argues that F.S. § 843.02 makes it unlawful to obstruct or oppose an officer in his lawful duty. The State argues that under F.S. § 843.02, Paige was charged and convicted for refusing to cooperate with the lawful command to place his feet and body in Trooper Sheppard's car after being placed under arrest. It argues that this manifestation of physical resistance to arrest is covered by F.S. § 843.02. The overbreadth doctrine applies to a challenge of a statute on the constitutional grounds that it achieves its legitimate purposes by means that sweep too broadly into an area of

10

constitutionally protected freedom. See *State v Gray,* 435 So.2d 816, 819 (Fla. 1983). In *Grand Falcoln Tavern, Inc. v Wicker,* 670 F.2d 943, 946 (11th Cir. 1982), the Court held that "Where both conduct and expression are included, the overbreadth of a measure must be both real and substantial, judged in relation to the statute's plainly legitimate sweep."

It is a remedy of last resort to declare a statute unconstitutional on overbreadth grounds. *State v Deese,* 495 So.2d 286, 287 (Fla. 2d DCA 1986). In *Deese* the Court held that even if a statute is susceptible to more than one interpretation, courts should presume constitutionality. The Florida courts, over 130 years ago, in *Cotton v CountyCommissioners of Leon County,* 6 Fla. 610, 613 (Fla. 1856) said:

"[E]very enlightened court will be admonished . . . of how delicate a character is the duty imposed upon it when called to decide upon the constitutionality of an act of the Legislature. While it is an essential element in the character of an independent judiciary firmly to maintain and resolutely to exercise its appropriate powers when properly invoked, it is equally its duty to be careful not rashly and inconsiderately to trench upon or invade the precincts of the other departments of the government.

That the judicial department is the proper power in the government to determine whether a statute be or be no constitutional will not, at this day, be questioned. That matter, though once mooted by no less a man than Thomas Jefferson, was put finally to test by the decision in the case of *Marbury v Madison,* wherein C.J. Marshall gave it the sanction of his great name. But it is a most grave and important power, not to be exercised lightly or rashly, nor in any case where it cannot be made to appear plainly that the Legislature has exceeded its powers. If there exist upon the mind of the court a reasonable doubt, that doubt must be given in favor of the law."

In the *Hill* case, Hill was arrested for willfully or intentionally interrupting a city policeman by verbal challenge during an investigation. The Supreme Court found that the ordinance's scope was not limited to fighting words, and thus concluded that it did not address core criminal conduct. Instead, according to the Supreme Court, it prohibited speech that in any manner interfered with an officer executing his duties. *Hill,* 107 S.Ct. at 2508.

Section 843.02 F.S. withstood a constitutional attack based upon a vagueness challenge in the *Dreske* case. Rejecting the Appellant's argument that resisting arrest is a constitutionally protected activity, the Court concluded that the law met constitutional requirements in

**11**

that it provided sufficient notice of the prohibited conduct. See, *Dreske, supra* at p. 107.

The Court in *Nease v State,* 484 So.2d 67 (Fla. 4th DCA 1986), held that physical resistance is also included within the prohibited conduct of F.S. § 843.02. It is physical resistance that we have in this case.

F.S. § 843.02 does not pose a real and substantial threat to constitutionally protected speech and the statute is not unconstitutionally overbroad. Paige was not convicted here for verbally abuse Trooper John F. Sheppard, but rather for resisting him as he attempted to place him in the State Patrol vehicle. In other words, Paige displayed a physical refusal to comply with the officer's request, in addition to his verbal challenges. Such physical refusal to comply is not a constitutionally protected expression. His resistance was more than a mere verbal challenge.

## *CONCLUSION*

For the reasons mentioned above, the Court concludes that the conviction for Attempted Resisting Arrest Without Violence should be AFFIRMED.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 29th day of November, 1988.