# SIMMONS v STATE OF FLORIDA

## Case No. 88-19-AP

Fourth Judicial Circuit, Duval County

August 30, 1989

### APPEARANCES OF COUNSEL

**James T. Miller,** Office of the Public Defender, for appellant.

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

Appellant, Robert Lawrence Simmons, appeals from a jury verdict finding him guilty of Obstructing or Opposing a Police Officer in violation of Section 843.02, Florida Statutes. Simmons was sentenced to 30 days in jail, followed by six months probation and was given a fine of $625.00 and was ordered to complete 50 hours of community service. Simmons challenges the constitutionality of Section 843.02, Florida Statutes, which provides in part:

> Whoever shall obstruct or oppose any such officer . . . in the execution of legal process or in the lawful execution of any legal

duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.

Simmons argues that the statute is unconstitutionally overbroad. He relies on *City of Houston v Hill*, 482 U.S. 211, 107 S.Ct. 2502, 96 L.Ed.2d 3981 (1987) and argues that Section 843.02, Florida Statutes, is substantially similar to the statute in *Hill*, which was found to be unconstitutionally overbroad.

Testimony at trial by Officer Dwayne H. Howard shows that on September 4, 1987, Officer Howard arrived at the scene of a three-vehicle accident. Two of the drivers had remained inside their cars; the third driver, Simmons, was at his van. No one was seriously injured, and the scene was initially peaceful.

While Officer Howard was investigating the accident, Simmons began cursing at the other drivers and shouting comments (e.g., "Old people don't need to be driving." "I'll sue you. . . . My family has a reputation for suing police officers. . . . I'll have your job."). Simmons was pacing around the vehicles, and the officer asked him to leave the other drivers alone and to return to his van. Although Simmons initially complied with Officer Howard's request, he returned three times to where the officer was completing accident reports.

Officer Howard testified that Simmons' continued loud cursing was causing a disturbance. Based on Simmons' aggressive behavior, the officer believed Simmons was about to start a fight with the daughter of one of the drivers. The officer admitted, however, that he did not know whether Simmons wanted merely to talk to the daughter, or whether he was on the verge of fighting her when he intervened. Simmons made no clear physical gesture indicating he was about to strike the daughter.

Based mainly on Simmons' loud and rowdy behavior and his refusal to leave the other drivers alone, Officer Howard made a final demand for Simmons to return to his van. Following this warning, Simmons refused to move and he was arrested. Simmons did not fight Officer Howard, but he still refused to budget, so that the officer had to physically force Simmons to move him to the police car. Simmons resisted when the officer attempted to handcuff him; he fell to the ground and continued to resist the officer's efforts to handcuff him. Segeant Grant arrived as a back-up and after Simmons did not create any other disturbances.

It is a remedy of last resort to declare a statute unconstitutional on overbreadth grounds. *State v Deese*, 495 So.2d 286, 287 (Fla. 2d DCA 1986). In *Deese* the Court held that even if a statute is susceptible to more than one interpretation, courts should presume constitutionality.

60

Section 843.02, Florida Statutes, has withstood a constitutional attack based upon a vagueness challenge. *Dreske v Holt,* 536 F.2d 105 (5th Cir. 1976). Rejecting the Appellant's argument that resisting arrest is a constitutionally protected activity, the Court concluded that the law met constitutional requirements in that it provided sufficient notice of the prohibited conduct. See *Dreske, supra,* at p. 107.

In *Hill,* a Houston, Texas ordinance made it illegal to "in any manner oppose, molest, abuse or interrupt a police officer in the execution of his duty." In that case, Hill was arrested for willfully or intentionally interrupting a city policeman by verbal challenge during an investigation. Finding that the ordinance's scope was not limited to fighting words, the Supreme Court concluded that it did not address core criminal conduct. Instead, it prohibited speech that in any manner interfered with an officer executing his duties. *Hill, supra.* The Court stated that the ordinance tended to be used only where there was no other valid basis for arresting an objectionable individual. *Id.* at 2512. Under those circumstances, the Court held that the provision criminalized a substantial amount of constitutionally protected speech and the ordinance accorded the authorities unconstitutional discretion in its enforcement.

Based upon its consideration of the applicable laws and the facts of this case, the Court concludes that Section 843.02, Florida Statutes, is not unconstitutionally overbroad. The statutes does not appear to pose a real and substantial threat to constitutionally protected speech. Simmons was not convicted for merely verbally abusing Officer Howard. Simmons obstructed Officer Howard in the lawful execution of the investigation of a traffic accident by repeatedly refusing to return to his van so that Officer Howard could complete his investigation. Physical force had to be used to place Simmons under arrest and into the police vehicle. Such conduct is not a constitutionally protected expression. Simmons' conduct affirmatively interfered with Officer Howard's ability to execute his duties.

In closing the Court notes that the State failed to file an answer brief pursuant to the Florida Rules of Appellate Procedure.

## CONCLUSION

For the reason mentioned above, the Court concludes that the conviction for Opposing or Obstructing a Police Officer is AFFIRMED.

DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, this 30th day of August, 1989.